## The People *ex rel.* Western Trans. Co.

### *v.*

## The Superior Court of Chicago.

1. PRACTICE — *removal of suit to federal court.* The petition for the removal of a cause from a State court to the Circuit Court of the United States, need not state the alienage or citizenship of the parties, or the amount in controversy.

2. SAME. The facts upon which the petitioner bases his right to a removal must be made to appear to the satisfaction of the State court, but no particular mode is prescribed. It may be by admissions of parties, by an affidavit, or by testimony of witnesses.

3. SAME. The party complaining of the order should preserve the evidence in a bill of exceptions.

4. SAME. A sworn petition, that the plaintiffs were citizens of Illinois on the 9th of December, 1863, the time it was sworn to, is not sufficient evidence of their citizenship on the 25th of August, 1863, the date of the commencement of the suit. In the absence of such evidence the court may properly refuse to remove the cause.

This was a petition to the Supreme Court for a mandamus to compel the Superior Court of Chicago to make an order for the removal of a cause from that court to the Circuit Court of the United States. The prayer of the petition was denied, on the grounds stated in the opinion.

Messrs. BATES and TOUSLEE, for the petitioner.

Mr. A. W. ARRINGTON, for the respondent.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

The petition to be filed for the removal of a cause from a State court to the Circuit Court of the United States, under the act of Congress of September 24, 1789, is not required to state the alienage or citizenship of the parties, or the amount in controversy. The act of congress does not require the petition to be verified in any manner. It requires the petition to contain a prayer for the removal of the cause, and as a matter of practice it may appropriately state the facts upon which the removal is sought. The facts upon which the petitioner bases his right to a removal must be made to appear to the satisfaction of the State court, but no particular mode is prescribed in which the facts are to be made to appear. The necessary facts may be satisfactorily made to appear by admissions of the parties, by an affidavit, or by the testimony of witnesses. The usual mode in which such facts are made to appear, is by stating them in the petition for the removal of the cause, and having its truth verified by affidavit. Upon the filing of a petition of that nature, the court should dispose of it at its earliest convenience, and no step should be taken in the cause until this is done. At the hearing of the petition, the petitioner should adduce satisfactory evidence of the facts which the act of congress requires to have existed, to entitle him to a removal of the cause. If there is no satisfactory evidence offered of such facts, it is the duty of the court to refuse the prayer of the petition. Suppose the evidence was an affidavit of the truth of a petition, and the court should be entirely satisfied that it was false, and that the requisite facts did not exist, it certainly would not be its duty to order a removal of the cause.

The proper practice is for the party objecting to an order upon the petition to preserve the evidence upon which it was made in a bill of exceptions, and the record would then show whether the order was or was not erroneous. In the case

under consideration the only evidence before the court below was the statements contained in the petition, the truth of which was verified by affidavit. The petition does not show that the plaintiffs were citizens of the State of Illinois at the time when the suit was commenced, and there was no evidence of that fact. The petition does allege that the plaintiffs were, on the 9th day of December, 1863, at the time it was sworn to, citizens of this State, but we are of the opinion that the evidence that the plaintiffs had the requisite citizenship at that time is not sufficient evidence to show that they had it on the 25th of August, 1863, when the suit was commenced. *Savings Bank* v. *Benton*, 2 Metc. (Ky.) 241; *Rogers* v. *Rogers*, 1 Paige, 184. As there was no evidence before the court below that the plaintiffs were citizens of Illinois at the time when the suit was commenced, its refusal to order a removal of the cause was correct.

The prayer of the petition for a mandamus is denied.

*Mandamus refused.*