DELOS L. HOLDEN, Respondent, *v.* THE PUTNAM FIRE
INSURANCE COMPANY, Appellant.

The mandate of the act of congress of 1789, that where the proper steps
are taken, which entitles defendant to the removal of a cause to the Cir-
cuit Court of the United States, the State court shall "proceed no
farther in the cause," is obligatory as well upon a court of appellate as
of original jurisdiction.

Upon an application to remove, it is necessary for defendant to show as
well that the suit was commenced "by a citizen of the State in which the
suit is brought," as that it was commenced "against a citizen of another
State." A petition, therefore, stating that plaintiff "*is* a citizen" is
insufficient. No legal presumption arises from it that he was a citizen
at the time of the commencement of the action.

One party to a contract is not estopped from enforcing it, by the execution of
an instrument purporting to cancel the contract for a consideration, where
none in fact is received by him, and the act is induced by the false repre-
sentations of the agent of the other party, although the latter has acted
upon the faith of the declarations contained in said instrument, in settling
the accounts of the agent.

(Argued June 14th, 1871; decided September 2d, 1871.)

APPEAL from an order of the late General Term of the
sixth judicial district, affirming an order of Special Term,
denying a motion to remove action to the Circuit Court of
the United States for the northern district of New York..

Also, appeal from judgment entered on decision of said
General Term, denying motion for new trial and directing
judgment on verdict. Cause tried at Chemung circuit.

SICKELS — VOL. I. 1

The facts appearing upon the motion are sufficiently set forth in the opinion.

The defendant is a fire insurance company created by the laws of the State of Connecticut, with its principal place of business at Hartford, in said State, and doing business in the State of New York, by agents appointed for that purpose. On the 18th of May, 1866, it issued a policy of insurance to the plaintiff upon a stock of groceries, etc., at Elmira, running for one year. On the 23d of December, 1866, the stock was destroyed by fire. On the 25th of March, 1867, the plaintiff, who is a citizen of the State of New York, brought his action in the Supreme Court of the State of New York, to recover upon such policy of insurance.

The defendant read in evidence a receipt executed by the plaintiff, as follows :

"ELMIRA, N. Y., *Dec.*, 18, 1866.

Received of the Putnam Fire Insurance Company, by the hands of McKinney & Brown, agents, thirty dollars, being return premium for policy 143, which is hereby canceled and surrendered, the policy being mislaid or lost.

{ U. S. Int. Rev. 2 cent Stamp, }            D. L. HOLDEN."
{          Canceled.         }

In fact the premium never was returned to plaintiff. The receipt was executed under a mutual mistake of plaintiff and Brown, the agent of defendants in the transaction, plaintiff relying upon the representation of Brown, defendant's agent, that the policy had been canceled and a new policy substituted in place of the one in question. Before the fire the defendant, relying upon the receipt as a voucher, settled with the agents McKinney & Brown allowing them the amount stated in receipt. The counsel for the defendant asked the court to instruct the jury, "that if the plaintiff signed this receipt of December 18, at the request of McKinney & Brown, or either of them, for the purpose of enabling them to adjust their accounts with the company, and the company subsequently adjusted their accounts with McKinney & Brown, before being notified that this policy was out-

standing and before the fire, upon the basis that this policy had been surrendered, then the plaintiff cannot recover."

The court declined so to charge the jury, upon the ground that the proposition ignores the question of the mutual mistake of fact, and the defendant's counsel duly excepted. The defendant's counsel then requested the court to charge the jury, " that if they should find that the plaintiff signed the receipt as stated in his last preceding request, then the plaintiff is estopped from bringing this action." The court declined so to charge, and the defendant's counsel duly excepted.

The jury rendered a verdict for the plaintiff for $2,131.29. The court directed the exceptions to be heard in the first instance at the General Term. The General Term overruled the defendant's motion for a new trial, and directed judgment for plaintiff which was accordingly entered.

*W. F. Cogswell*, for appellant, that Supreme Court was ousted of jurisdiction and all further proceedings were void, *Stevens* v. *Phœnix Insurance Company* (41 N. Y., 149). That the facts stated in request to charge, present every element of estoppel *in pais*. (*Dezell* v. *Odell*, 3 Hill, 215; Abbott's Digest, vol. 2, p. 587, title estoppel, §§ 100 and 101.) That the mistake of plaintiff did not affect the question of estoppel. (*The Manufacturers' and Traders' Bank* v. *Hazard*, 30 N. Y., 226.)

*H. B. Smith*, for respondent; that petition to remove cause should show plaintiff was a citizen of this State " at time of *commencement of action*." (*People* v. *Chicago*, 34 Ill., 356; *Savings Bank* v. *Benton*, 2 Metc., Ky., 242.) That doctrine of estoppel did not apply. (*East India Co.* v. *Vincent*, 2 Atkins, 83; *Clayburgh* v. *Byerly*, 7 Gill, 584; *Alexander* v. *Kerr*, 2 Rawle, 83; *Hepburn* v. *McDowell*, 2 Penn., 23; 17 S. & R., 383; *Cust* v. *Jack*, 3 Watts, 328; *Menges* v. *Oyster*, 4 W. & S., 20; *Casey* v. *Inloes*, 1 Gill, 430; *Monroe* v. *Hanson*, 3 Harris, 383; *Knouff* v. *Thompson*, 4 id., 502; *Gray* v. *Bartlett*, 20 Pick., 186; *Morris* v.

*Moore*, 11 Humph., 433.) That plaintiff's mistake in sign-
ing this receipt is a sufficient answer to the estoppel asserted.
(*McKay* v. *Holland*, 4 Metc., 59; *Whittaker* v. *Williams*,
20 Conn., 98; *Dyer* v. *Coy*, 20 id., 568; *Stelle* v. *Putney*, 3
Shepley, 337; 8 Iredell, 83; *Carpenter* v. *Stilwell*, 1 K., 61;
See opinion of JOHNSON, J., at pp. 73, 79; *Storrs* v. *Baker*,
6 J. Ch., 166; 8 Bosw., 1, 15, 16.)

ANDREWS, J. The defendant is a corporation created by
the law of Connecticut, and is a citizen of that State within
the federal judiciary act of 1789. Its citizenship was not
changed, nor was its right to apply for a removal of the action
from the State to the federal court affected by the fact, that it
made contracts of insurance in this State, and had complied
with the provisions of our statute respecting foreign insur-
ance companies, and subjected itself to the visitatorial power
of the State. (*Stevens et al* v. *Phœnix Insurance Company*,
41 N. Y., 149.)

If the proceedings on the part of the defendant, to remove
the case to the Circuit Court of the United States, were in
accordance with the twelfth section of the act of congress
referred to, and if the facts presented to the court upon that
application, established a case within the act, then the State
court *eo instanti*, lost jurisdiction of the case, and it was by
operation of law vested in the federal court, and all subse-
quent proceedings in the action in the State court were void.
(*Gordon* v. *Longest*, 16 Peter's 97; *Kanouse* v. *Martin*, 15
How., U. S., 198.)

As we have reached a conclusion adverse to the defendant,
upon the merits of the application for the removal of the
cause, it is unnecessary to decide the point made by the
respondent, that this court cannot review the order denying
the application for the removal. (*Illius* v. *The New York
and N. H. R. R. Co.*, 3 Kern., 597.)

The petition and papers used upon the application to remove
the cause, are attached to and made a part of the record, and
if upon them a case was made, which entitled the defendant

to have the cause removed, this court could not disregard the error of the court below and affirm the judgment, although the order made upon the application was not appealable within section 11 of the Code. The mandate of the statute of 1789, that in such a case the State court "should proceed no further in the cause," is obligatory as well upon a court of appellate as of original jurisdiction. This court could not give judgment of affirmance without disregarding the statute, but it could suspend or dismiss the appeal, leaving the defendant to pursue his remedy in the federal court, to correct. the error of the State court in denying the application. The fact that the defendant was a citizen of Connecticut was not alone sufficient, to authorize the removal of the cause to the federal court under the twelfth section of the act. It was also necessary, that the suit should have been brought by a plaintiff, who at the time of the commencement of the action, was a citizen of the State in which the action was brought. The language of the statute does not admit of any other construction. The right of removal is confined to suits against aliens, and to suits commenced, "by a citizen of the State in which the suit is brought, against a citizen of another State." It was as essential for the defendant to show, upon the application to remove the cause, that it was brought by a citizen of this State as that it was brought against the citizen of another State. The State court had jurisdiction of the action, and it could only be deprived of its jurisdiction, by proceedings in conformity with the act of congress, and upon proof presented to the court of the facts, which under the act determined its jurisdiction, and entitled the defendant to have the cause transferred to the Circuit Court of .the United States. The only proof of the citizenship of the plaintiff, made upon the application, is found in the petition of the defendant made and verified April 5, 1867, which recites, that the action was commenced March 25, 1867, and after stating the nature of the action, and that the defendant is a citizen of Connecticut, proceeds as follows: "That Delos L. Holden, the plaintiff in said action, is a citizen of the State of New York." This is

simply an averment, that when the petition was drawn the plaintiff was a citizen of this State, but no legal presumption arises from this fact, that he was a citizen at the time of the commencement of the action.

The rights of the parties under this statute, are governed by the facts existing at the commencement of the suit, and a subsequent change of residence or citizenship does not confer or defeat a right to proceed under it. (*Clark* v. *Mathewson, et al.*, 12 Pet., 164; *Morgan* v. *Morgan*, 2 Wheat., 290.) The case of *Mollan* v. *Torrance* (9 Wheat., 537), is an authority very much in point upon this question in the case.

The statute of 1789 gives jurisdiction to the Circuit and District Courts of the United States, in civil actions between citizens of different States, when the amount in controversy exceeds five hundred dollars. In the case cited the action was brought in the District Court of Mississippi, by the plaintiff claiming title by assignment, to the claim upon which the action was founded. The defendant pleaded to the jurisdiction of the District Court, that the person under whom the plaintiff claimed, was a citizen of Mississippi, of which State the defendant was also a citizen. The court sustained the demurrer to the plea and MARSHALL, Ch. J., said : " A plea to the jurisdiction of the court must show, that the parties were citizens of the same State, at the time the action was brought and not merely at the time of the plea, pleaded. The jurisdiction depends on the state of things at the time of the action brought."

It did not appear upon the application made in this case, that the plaintiff was at the time of the commencement of the action a citizen of New York, and the court properly denied the application and retained jurisdiction of the action. (*People* v. *Chicago*, 34 Ill., 356; *Savings Bank* v. *Benton*, 2 Metc., Ky., 242.)

The remaining question in the case, relates to the effect of the receipt of December 18, 1866, given by the plaintiff. The counsel for the defendant requested the court to instruct the jury, that if this receipt was signed by the plain-

tiff, at the request of McKinney & Brown or either of them, to enable them, to adjust their account with the defendant, and that subsequently and before the fire, such adjustment was made upon the basis, that the policy to the plaintiff had been surrendered, the plaintiff was estopped and could not recover.   This instruction was refused and the defendant excepted.   It is not controverted, that up to the time the receipt was given, the contract of insurance between the parties was in full force, notwithstanding the instructions which had been given by the defendant to its agent McKinney & Brown to cancel it, and their representation to the company that such cancellation had been made.   The right reserved to the defendant, to cancel the policy on returning the unearned portion of the premium, had not been exercised. The plaintiff had assented to the proposal of McKinney made in September, to surrender the policy upon being furnished with one of like amount in another company, but the arrangement was not consummated; no policy was furnished and the unearned premium was not paid or tendered.   The receipt acknowledged the payment and declared, that the policy was surrendered and canceled, but no money was in fact paid, nor was any consideration received by the plaintiff for a surrender or cancellation of the instrument.   The receipt was procured by Brown, acting in that business at the instance and at the request of the defendant, and upon his representation and assurance to the plaintiff, that the arrangement proposed by McKinney had been consummated, and that a policy in another company, had been issued to the plaintiff in place of the policy of the defendant.

There is no contradiction on any material point of the statement made by the plaintiff, of the circumstances under which the receipt was given.   The plaintiff signed the receipt under a misapprehension of and in ignorance of material facts, and relying upon the statements of Brown, which though made in good faith were false in fact.   It is the constant practice of courts of equity, to relieve parties from contracts grounded in material error and mistake of fact, although

both parties were innocent and free from fraud; and the act of the plaintiff, in executing an instrument purporting to cancel the contract of insurance, induced, in part at least, by false information, communicated by the agent of the other party to the contract, should not conclude him, and the case is within the remedial jurisdiction of the court. (Story's Eq. Jur., §§ 142, 167; *Hore* v. *Becher*, 12 Sim., 465; *East India Co.* v. *Donald*, 9 Ves., Jr., 275.)

Nor is there any ground for the application of the doctrine of equitable estoppel. The defendant claims to have been discharged from the contract, without performance, because the company acted upon the faith of the declaration contained in the receipt to its prejudice. But this declaration was induced by the conduct of its agent. It cannot claim the benefit of the receipt and repudiate the representations upon which it was given. It is not claimed, that there was any collusion between the plaintiff and Brown, or that the plaintiff did not act in good faith.

The defendant may have reason to complain of the negligence of its agent, but the consequences of his negligence should not be visited upon the plaintiff.

If the plaintiff and Brown were mutually negligent in failing to prosecute the inquiry, or if the former failed to exercise the vigilance of a cautious and prudent man in ascertaining the facts, the defendant cannot complain that he reposed an undue confidence in its agent.

The defendant undertook, for a valuable consideration, to insure the property of the plaintiff against loss by fire, for a term which had not expired when the loss occurred. It was for the defendant to show, that the contract had been terminated prior to that time.

The receipt did not, for the reasons stated, in equity extinguish the right of the plaintiff under the contract, nor was he estopped from claiming to recover in opposition to it.

The judgment should be affirmed with costs.

All concur. Judgment affirmed.