McGINNIS (UNITED STATES v.). See Case No. 15,678.

## Case No. 8,802.

### McGINNITY v. WHITE et al.

[3 Dill. 350; [1] 1 Cent. Law J. 241.]

Circuit Court, D. Nebraska. May Term, 1874.

REMOVAL OF CAUSES FROM STATE TO FEDERAL COURT — ACT OF JULY 27, 1866 — CITIZENSHIP— AMOUNT — REMOVAL BY PART OF THE DEFENDANTS.

1. Under the act of July 27, 1866 (14 Stat. 306), as to the removal of suits from a state court into the federal court, it is sufficient, it seems, as respects citizenship, that the defendant applying for the removal is, at the time of filing his petition therefor, a citizen of another state, and the plaintiff a citizen of the state in which the suit is brought.

[Cited in Jackson v. Mutual Life Ins. Co., Case No. 7,141: McLean v. St. Paul & C. Ry. Co.. Id. 8,892; Curtin v. Decker, 5 Fed. 387; Glover v. Shepperd, 15 Fed. 835. Disapproved in La Montagne v. T. W. Harvey Lumber Co., 44 Fed. 647.]

2. It is sufficient in such a case that the matter in dispute exceeds $500 besides costs at the time when the right to the removal accrues and is applied for.

3. One of several defendants sued as co-partners may, if the other requisites exist, have the cause removed into the federal court so far as concerns himself.

[Cited in Steinkuhl v. York. Case No. 13,356; Rawle v. Phelps. Id. 11,588; Goodenough v. Warren, Id. 5,534.]

On motion by the plaintiff [John McGinnity] to remand the cause to the state court because it was improperly removed to this court. The removal was ordered by the state court upon the petition of Francis A.

White, one of the defendants. The record shows that the plaintiff commenced his suit in the state court, February 28th, 1870, demanding, in his petition, of the defendants, five in number, as co-partners, $1,000 for work and labor. A summons claiming that amount was served. The defendants separately demurred for misjoinder of causes of action and parties defendant. On the 1st day of April, 1870, the demurrers were sustained and leave given to the plaintiff to amend the petition in forty days. On May 12th, 1870, an amended petition was filed against the same persons as co-partners, and claiming of them the "sum of $445, with interest thereon at ten per cent per annum from January 21st, 1870, * * * for work and labor before that date performed by the plaintiff for the said defendants, co-partners in business as aforesaid." The original petition referred to certain written contracts, but the amended petition does not. On July 22d, 1870, Francis A. White answered separately, traversing the petition, and especially denying that he was a co-partner with the other defendants, as alleged therein. One of the other defendants, G. Frederick White, answered separately to the same effect. The cause was continued, and at the December term, 1870, at the instance of the two defendants last named, the venue was changed to another state court, and in that court the cause was continued from time to time by stipulation until the 11th day of April, 1873. when the defendant, Francis A. White, filed his petition for its removal to the circuit court of the United States for the district of Nebraska, and offering surety, etc. The petition was under the act of July 27th, 1866, and states, inter alia, that "the petitioner, Francis A. White, is now, and since the 19th day of February, 1873, has been a citizen of the state of New Jersey; that the plaintiff is, and was at the time of bringing the suit, a citizen of Nebraska: that the amount in dispute exceeds $500, exclusive of costs; that all the defendants, except David Everest, are citizens of some other state than the state of Nebraska (naming the states); that there can be a final determination of the controversy. so far as concerns the petitioner, without the presence of the other defendants as parties," etc. The petition offers surety, etc., and prays the removal of the suit to this court. The surety was accepted and an order made transferring the cause as prayed. And now in this court the plaintiff moves to remand the same on two grounds: 1. The amount involved does not exceed $500. 2. One of several alleged co-partners made defendants is not entitled to remove the cause, where some of his co-defendants are citizens of the state in which the suit is brought.

Stephenson & Hayward, for plaintiff.

T. M. Marquette, for petitioner for removal.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

DILLON, Circuit Judge. 1. The petition for removal was under the act of July 27, 1866 (14 Stat. 306). This enactment copies, in many respects, section 12 of the judiciary act as to the removal of causes into the federal courts, but it makes two important changes in that section; first, in authorizing, in certain cases, the removal by part of several defendants if some are citizens of the state where suit is brought, and others are aliens or citizens of some other state: second, in extending the time in which the application for the removal may be made, down to the trial or final hearing. But as respects the amount in controversy, the language of the judiciary act is retained—"the matter in dispute must exceed the sum of $500, exclusive of costs."

In cases like the present the amount in controversy, for the purpose of the removal, is determined by the declaration or petition. In this case a demurrer to the original petition having been sustained, the plaintiff made his case by an amended petition filed May 12th, 1870, in which he claimed to recover $445 with ten per cent interest from January 21st, 1870. This is the only pleading on the record which defendants were bound to answer, and is the one upon which the defendant who subsequently applied to remove the cause, took issue. At the time when this amended petition was filed, and at the time when the petitioner for the removal of the cause took issue upon it, the sum demanded, including interest, did not amount to $500. But by continuances the cause remained pending in the state court until the 14th day of April, 1873. Meanwhile, to wit, on the 19th day of February, 1873, the defendant, Francis A. White, who was served in Nebraska when the suit was originally commenced, became a citizen of New Jersey. At the next term of the state court thereafter, he applied for the removal of the suit, and by this time, if interest on the sum demanded in the amended petition be included, the amount was more than $500.

Under these circumstances the question is, whether "the matter in dispute exceeded $500," within the meaning of act of July 27, 1866. Under the amendatory act of March 2, 1867 (14 Stat. 558), Mr. Justice Miller has determined that a party to a suit who while it is pending becomes a bona fide citizen of another state is entitled, if the other required conditions are met, to have the case removed. Johnson v. Monell [Case No. 7,399]. As both acts give the right to apply for the removal "at any time before the trial or final hearing of the cause," I can see no difference in this respect between the act of 1866 and the act of 1867, and the reasoning in the case cited seems to be applicable here, and to favor the right of removal. Pending the suit in the state court, the defendant has in good faith become a non-resident of the state of Nebraska and a citizen of another state, and it is this which constitutes the substantial ground upon which the right, under the act of 1866, to the removal is based. If, then, the right to removal accrues upon the party becoming bona fide a non-resident citizen, is it not enough that the total amount then claimed against him by his adversary exceeds the sum of $500? The action being ex-contractu, the right to interest follows upon establishing the right to the principal sum, and may properly be included in determining the amount of the matter in dispute. I confess to doubts respecting the soundness of the foregoing view, but have adopted it because it seems to be equally consistent with the language of the act and more consistent with the reason and purpose of it than the opposite conclusion, denying the right to the removal on the ground that the amount was insufficient, when, if judgment should then be rendered by the state court, it would be for a sum greater than that which the act adopts as giving the defendant the right to the transfer.

II. This result makes it necessary to consider the other objection made by the plaintiff to the jurisdiction of this court, which is that the suit in its nature is not "one in which there can be a final determination of the controversy," so far as concerns the party applying for the removal, "without the presence of the other defendants as parties to the cause."

The five defendants are sued as co-partners, for work and labor, and the separate answer of the defendant now before us puts in issue two cardinal propositions in the petition: 1st. That he was a partner with his co-defendants; and 2nd. That the plaintiff is entitled to recover of him the amount claimed.

Under the legislation of congress and of the state of Nebraska, the plaintiff could have maintained an action against one or more of the defendants, and it would have been no cause of abatement that all the co-partners were not before the court.

If all the other defendants had failed to answer, the defendant who applied for the removal could have answered, as he did, for himself, and the issues thus raised would have stood for trial. Why can they not be tried, as well in the federal as in the state court? And when tried, is not the controversy finally determined, so far as it concerns him, as effectually as if all the defendants were in the federal court?

If the plaintiff establishes that the defendant was a partner, and that the firm was indebted to him as he alleges, he recovers of the defendant and takes his judgment, and meanwhile his case proceeds as to the other defendants in the state court. And so, if the plaintiff fails, the defendant has judgment in his favor in the federal court, leaving the plaintiff and the other defendants to their litigation in the state court.

This view of the case encounters the objection that it may compel the plaintiff to liti-

gate in two courts, but that objection obtains in every similar case which falls within the act of 1866, for the express purpose of that enactment is to give the non-resident defendant a right to litigate separately in the federal court, in cases where his rights can be finally determined, which of necessity, as well as by the plain letter of the statute, leaves the residue of the litigation in the state tribunal. Motion denied.

NOTE. "Final determination of controversy" as to the defendants who apply to remove. Bixby v. Couse [Case No. 1,451]; Field v. Lounsdale [Id. 4,769]; (tenants in common). "Final hearing or trial." Dart v. McKinney [Id. 3,583]; Stevenson v. Williams (1873) 19 Wall. [86 U. S.] 572; Waggener v. Cheek [Case No. 17,035]; Akerly v. Vilas [Id. 119]; Boggs v. Willard [Id. 1,603]. Where supreme court of state reversed and ordered bill to be dismissed—held too late to remove under act of 1867. Johnson v. Monell [Case No. 7,399]. Voluntary change of residence pending suit on right of removal. Sands v. Smith [Id. 12,305]. The supreme judicial court of Massachusetts holds that, under Act March 2, 1867, it is too late to remove after a trial has been entered on, although the jury disagree. Galpin v. Critchlow [112 Mass. 339]. But see cases last above cited.

Act March 2, 1867, is constitutional (Chicago, etc., R. Co. v. Whitton, 13 Wall. [80 U. S.] 270), and does not repeal Act July 27, 1866. Fields v. Lamb [Case No. 4,775]. And under act of 1867, all the defendants, not merely nominal, must be entitled to removal. Bixby v. Couse [supra]. In this case it is even said that "they must unite in the petition for removal, or there can be no removal of the suit." See Field v. Lounsdale [supra]; and particularly Case of Sewing Mach. Cos., 18 Wall. [85 U. S.] 553.

Under act of 1866, even as amended by act of 1867, it is not necessary to state "prejudice or local influence" in the affidavit, the ground of removal being citizenship. Field v. Lamb [supra]; Allen v. Ryerson [Case No. 235].

"Amount in controversy." Interest may be included in determining the amount in controversy. Roberts v. Nelson [Case No. 11 907]; King v. Wilson [Id. 7,810] (illegal taxes).

Right of removal depends upon facts as they exist when the suit was brought under Act 1789, § 12 [1 Stat. 79]. Roberts v. Nelson [supra]. And when right is complete it cannot be defeated by amendment or other action of the state court. Kanouse v. Martin, 15 How. [56 U. S.] 198; Ladd v. Tudor [Case No. 7,975]. See Kellogg v. Hughes [Id. 7,662].