## Case No. 7,141.

### JACKSON v. MUTUAL LIFE INS CO.

[3 Woods, 413.] [1]

Circuit Court, S. D. Georgia. April Term, 1878.

Frank H. Miller, for the motion.

G. T. Barnes and J. B. Cumming, contra.

WOODS, Circuit Judge. The action was commenced in the superior court of Richmond county, Georgia, on May 11, 1877, against the defendant, which was, as averred in the complaint, a citizen of the state of New York. On the 16th of October following, at the appearance term of the state court, and before the cause could be tried, the defendant company filed its petition in that court for the removal of the cause to the United States circuit court for the Southern district of Georgia. This petition alleged the pendency of the suit, that the same was brought for the recovery of the principal sum of five thousand dollars, and that the said William E. Jackson, Jr., administrator, was a citizen of the state of Georgia, and the petitioner, a corporation

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

created by the laws of the state of New York, resident in said state of New York, and a citizen thereof. On the same day a bond, conditioned according to the act of congress of March 3, 1875 (18 Stat. 470, § 3), with penalty fixed and sureties approved by the state court, was filed by the petitioner. The term of the United States circuit court, for the Southern district of Georgia, next after the filing of petition and bond for removal, began on Thursday, the 8th day of November. A copy of the record of the cause in the state court was not filed in the United States circuit court until the 22d day of November following.

The plaintiff has filed a motion to remove the cause to the state court upon the following, among other grounds: (1) Because the copy of the record was not filed in the circuit court on or before the first day of its then next session after the filing of the petition and bond for removal; and (2) because the petition for removal does not aver that the parties were citizens of different states at the time of the commencement of the action. Of these grounds in their order:

The act of congress under which this removal appears to have been sought (18 Stat. 470, § 3), does not declare in terms that the copy of the record must be filed in the United States court on the first day of its next succeeding session. The law only declares that the petitioner shall give bond conditioned that he will file such copy by the time mentioned. The filing of the record at the time prescribed does not seem to be a jurisdictional fact. If it were, the jurisdiction of the United States court might be defeated by the refusal of the clerk of the state court to present a copy of the record in time to be filed in the federal court. The act of March 3, 1875, provides for the case where the party is not able to file a copy of the record by the time prescribed, by reason of the refusal of the clerk of the state court to furnish a copy thereof, and declares that "the circuit court to which any cause shall be removable under this act, shall have power to issue the writ of certiorari to said state court, commanding said court to make return of the record in any such cause removed as aforesaid;" and the act then proceeds to provide for the case when it shall be impossible for the parties removing the cause under this act, or complying with its provisions for the removal thereof, to obtain such copy of the record, by declaring that the court may order that the prosecutor in the action, etc., shall file a copy of the paper or proceeding by which suit was commenced, and that the other party shall plead thereto. All this seems entirely inconsistent with the idea that unless the copy of the record is filed on the first day of the next succeeding term of the federal court, that court is without jurisdiction of the cause. The filing of the record on the precise day prescribed cannot therefore be a matter of jurisdiction, but

the failure to file is one of damages to be recovered on the bond given for the removal; and although the circuit court may well remand for failure of the party seeking the removal to comply with his bond, yet if the delay has caused no prejudice, and the party wishes the case to go on in the circuit court, and complies with all the requisites for removal at a day subsequent, it is in the discretion of the court to grant him the indulgence.

In the case of Hyde v. Phoenix Ins. Co. [Case No. 6,973], on the failure of the party by whom the petition and bond were filed to deposit a copy of the record in the federal court on the first day of its next term, the court allowed the opposite party to file the record and docket the cause, declaring that it was at his option to go on in the circuit court or move to remand the cause. This implies that the circuit court had jurisdiction of the case. I am, therefore, of opinion that the failure of the defendant in this case to file a copy of the record by the first day of the term, did not defeat the jurisdiction of the court, and as it is not suggested that the plaintiff has suffered any damage by the fact that the record was not filed until fourteen days after the beginning of the term, the first ground upon which the motion to remand is based is not well taken.

2. It is said that the petition for removal is fatally defective in not stating that the parties were citizens of different states at the time of the commencement of this action. It has been held by some of the state courts, that the petition for removal must aver that the parties were citizens of different states at the time the suit was commenced: Pechner v. Phoenix Ins. Co. [65 N. Y. 195], and other cases cited in Dill. Rem. Causes, p. 23. The supreme court of the United States, in the case of Insurance Co. v. Pechner, 95 U. S. 183, has taken the same view. These decisions, however, were made under the act of 1789 (1 Stat. 79, § 12). The decision of the supreme court seems to be based on the peculiar language of this section, "that if a suit be commenced in any state court, * * * by a citizen of the state in which the suit is brought, against a citizen of another state," and the matter in dispute exceeds the aforesaid sum, or value of five hundred dollars, etc., the suit may be removed to the United States court.

It has been held by Mr. Justice Miller, that the act of 1867, for the removal of causes (14 Stat. 558) "does not, in terms, prescribe the time at which the citizenship of the moving party must be acquired. Nor is there anything from which to imply that a time was intended to be limited in that regard. Had congress intended to confine the privileges of the act to parties who were citizens of different states at the commencement of the suit, it would have been very easy so to have provided. It did not see fit to do so. On the other hand, in express

terms, or at least by the strongest implication, it provided otherwise. The language is, where a suit is now pending, or may hereafter be brought, in any such court in which there is a controversy between a citizen, etc., which is as much as to say, whenever a controversy shall arise in a suit pending in a state court, the parties to which shall at any time be citizens of different states, the cause may be removed. No time at which the citizenship should be acquired is limited. So the inference is, that it may be acquired at any time:" Johnson v. Monell [Case No. 7,399]. See, also, McGinnity v. White [Id. 8,802]. The language of the act of March 3, 1875, under which the removal was sought to be made, in this case, is almost identical with that of the act of 1867, above quoted by Mr. Justice Miller: "That any suit of a civil nature at law, or in equity, now pending or hereafter brought in any state court when the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, * * * and in which there shall be a controversy between citizens of different states, * * * either party may remove such suit," etc. The act of 1789 did not give to the United States courts all the jurisdiction, authorized by the constitution, either in causes originally commenced in, or cases removed to, these courts. The clear purpose of the act of 1875, is to extend the jurisdiction of the United States courts to the full limits warranted by the constitution. The language used in describing the causes that may be removed, is much broader than that used in the act of 1789. Under the act of 1875, wherever there is a controversy between citizens of different states, in any suit pending in a United States court, the cause may be removed. Under the act of 1789, the cause could not be removed unless the suit was commenced by a citizen of the state in which the suit was brought against a citizen of another state. The distinction in the language and meaning of the two acts is clear and palpable. The view above expressed of this act of 1875, has been taken by the supreme court of Georgia in the case now under consideration: Jackson v. Mut. Life Ins. Co., 60 Ga. 423.

The authorities cited, and a comparison of the acts of 1789 and 1875, show that it is immaterial, under the latter act, whether or not the parties were citizens of different states at the time the suit was commenced, provided they are citizens of different states at the time of filing the petition for removal. I am of opinion, therefore, that the second ground for remanding the cause is not well taken.

Several other reasons for remanding the cause are stated in the petition for removal. But as they have been often passed on already by the courts, we have not thought necessary to give them particular notice. We do not consider any of them well taken. The motion to remand the cause must be overruled.