# *Ex parte* Jones.

*Application for Mandamus to Circuit Court, in matter of Removal of Cause to Federal Court.*

1. *Continuance discretionary.*—The principle has long been settled in this court, that the action of the primary courts on an application for a continuance, whether granting or refusing it, is matter of discretion, and neither revisable on appeal, nor to be controlled by *mandamus*.

2. *Removal of cause to Federal court.*—When a suit is pending in a State court, the jurisdiction of that court is not ousted by the mere filing of a petition and bond for the removal of the cause into a court of the United States, but continues until the court has acted upon the petition, and determined that it is sufficient.

3. *Same; residence of parties, and change of domicile.*—The question of jurisdiction, when dependent on the residence or citizenship of the parties to a suit, is to be determined by their *status* at the time the suit is instituted, and is not affected by any subsequent change of domicile ; hence, if both parties are resident citizens of the same State at the time the action is brought, neither can acquire the right to remove the cause to a Federal court by changing his own domicile.

4. *Same; when petition must be filed.*—Under the act of Congress approved March 3d, 1875 (18 U. S. Stat. 470, § 3), a petition for the removal of a cause into the Federal court, on account of local prejudice, must be filed in the State court "before or at the term at which said cause could be first tried," and comes too late after several continuances, no excuse being shown for the delay.

5. *Foreign clerks not judicially noticed.*—This court can not take judicial notice of the clerks of foreign courts, or their powers ; and, therefore, can not know that an affidavit, purporting to have been made and subscribed before the "clerk of the court of Common Pleas of Richland county, Ohio," or his deputy-clerk, was taken before that officer, or that he had authority to administer oaths.

Application by petition, verified by affidavit, on the part of John W. Jones, for a *mandamus* to the Circuit Court of Morgan county, Hon. H. C. SPEAKE presiding, to compel that court to proceed with the trial and hearing of a certain cause therein pending, wherein the petitioner is plaintiff, and one Jacob Y. Cantwell is defendant. A copy of all the proceedings had in the suit was annexed to the petition as an exhibit, from which it appears that the suit was commenced on the 30th May, 1878, and personal service effected on the defend-

ant on the same day; that the defendant appeared and filed his pleas, and the cause was continued, from term to term, until March 2d, 1880, when a petition was filed by the defendant, asking the removal of the cause into the Circuit Court of the United States at Huntsville; that at the ensuing May term, 1880, the court overruled and refused this petition, and ordered the cause to stand for trial at the then next term of the court; that at the next term the cause was continued by consent; that at the May term, 1881, a motion was made and entered by the defendant, asking a continuance of the cause on account of proceedings pending in said Circuit Court of the United States for the removal of the cause to that court, and a motion pending in that court to remand the cause to said Circuit Court of Morgan; and that the court thereupon entered and rendered an order and judgment in said cause, as follows : " Came the parties, by their attorneys ; and the court declines to try this cause, for reasons set forth in the minutes heretofore rendered and made of record in this court.   And it now appearing that the defendant has heretofore filed a petition in this court, praying a removal of said cause to the Circuit Court of the United States, which said petition was by this court overruled ; and it further appearing that said defendant has procured from the clerk of this court a transcript of the papers and record in this cause, and has had this case placed upon the docket of the said Circuit Court of the United States for trial ; and it further appearing that plaintiff has filed his motion in said Circuit Court of the United States, for the remandment of said cause to this court; which said motion, together with said original cause, has been twice continued in said Circuit Court, and is still therein pending:   It is therefore ordered by the court, that all further proceedings in said cause, in this court, be suspended until the final determination of said motion now pending in said Circuit Court to remand this cause, and that this cause be continued to await said decision."

The petition for the removal of the cause into the United States court, as set out in the transcript, states that the amount in controversy in said cause, exclusive of costs, is more than $500; " that the controversy in said suit is between citizens of different States ; that your petitioner is a citizen of Ohio, and the said John W. Jones, the plaintiff in said cause, was and, still is a citizen of Alabama." The affidavit attached to said petition, which is subscribed by said Cantwell, states " that he has reason to believe, and does believe, that from local influence, and cause and prejudice, he will not be able to obtain justice in the State court, that is to say, said Circuit Court of Morgan county." It is entitled at the

top, as follows : "State of Ohio, Richland county : Person-ally appeared before me, Thomas T. Dill, clerk of the Court of Common Pleas within and for said county," &c. But at the foot are these words : "Sworn to and subscribed, this 18th day of October, 1879, before me, *James S. Crall*, deputy-clerk, Court of Common Pleas, Richland Co., Ohio."

The petition for *mandamus* alleges that the petitioner "duly excepted" to the ruling and judgment of the court in refus-ing to proceed with the trial and hearing of the cause ; but there is no bill of exceptions in the annexed transcript. The petition prayed a rule *nisi*, in the usual form.

C. C. HARRIS, H. G. SHARPE, and HUMES, GORDON & SHEF-FEY, for the petitioner, cited *Insurance Company v. Pechner*, 95 U. S. (5 Otto), 183 ; *Gold-washing Co. v. Keyes*. 6 Otto, 199; *Sewing Machine Companies' case*, 18 Wallace, 553 ; *Vannevar v. Bryant*, 21 Wallace, 41 ; *Kaeiser v. Railroad Company*, Re-porter for April 27, 1881, p. 554 ; *Railway Company v. Ram-sey*, 22 Wallace, 328 ; Cooper on Removal of Causes, pp. 8-10; *Railway Company v. Mississippi*, 102 U. S. 135 ; *Removal cases*, 100 U. S. 457 ; *Insurance Company v. Dunn*, 19 Wallace, 214; *People's Bank v. Calhoun*, 102 U. S. 256 ; *Railway Company v. Risley*, 50 Indiana, 64 ; *Tapley v. Martin*, 116 Mass. 275 ; Holden v. Fire *Insurance Co.*, 46 N. Y. 1 ; *Savings Bank v. Ben-ton*, 2 Metc. Ky. 240 ; *People v. Superior Court*, 34 Illinois, 356; *Sewing Machine Co. v. Smith*, 71 Illinois, 204 ; *Bible Society v. Grove*, 101 U. S. 610.

STONE, J.—The petition sets forth, and the accompanying record shows, that a civil action for damages was pending in the Circuit Court of Morgan county, between Jones as plain-tiff, and Cantwell as defendant ; and that at the Spring term, 1881, the presiding judge, HON. H. C. SPEAKE, granted a con-tinuance of the cause, at the instance of the defendant, when the plaintiff was urging a trial. The present application is for a *mandamus* to the presiding judge, to compel him to hear and try the cause, on the alleged ground, that the defendant showed no sufficient reason why the cause should not be tried, and that the circuit judge erred in granting the continuance. It was settled at an early period of this court's history, that the matter of granting or refusing continuances rested in the sound discretion of the judge presiding, and would not be controlled by this or any other court.—1 Brickell's Digest, 774, § 2.

2. It is contended for petitioner, that the record discloses the ground on which the continuance was granted, and that the ground thus disclosed is insufficient. It is manifest that

this suit was not removed to the Circuit Court of the United States by any order of the Circuit Court of Morgan ; for the judge then presiding overruled the application for removal. In *Ex parte Grimball*, 61 Ala. 598, we said : " The jurisdiction of the State court is not, *ipso facto*, ousted by the filing of the petition and bond for removal : the court must examine the petition, in connection with the cause to which it relates, to determine whether the cause, and the petitioner's connection with it, entitle him to the removal; and it is not until this is ascertained that the jurisdiction of the State court ends." So, we repeat, this cause had not been transferred by any order of the Circuit Court of Morgan.

3. It is further contended for the petitioner, that the petition for removal is wholly insufficient ; and if, in any case, the filing of a petition and the execution of a proper bond can effect a removal, without the order and sanction of the State court in which the cause originates, the application in the present case must fail, by reason of its many imperfections. We can not assent to the rulings in *McGinnity v. White*, 3 Dill. 350 ; *Johnson v. Morrell*, 1 Woolw. C. C. 390, and *Jackson v. Mut. Life Ins. Co.*, 3 Woods, 413. We think the principle sanctioned in those cases might, and probably would, lead to great abuses ; and we find no authority in the statutes to justify it. The rule is, and it is certainly a sound one, that the question of jurisdiction *vel non* depends on the *status* of the parties and the subject-matter at the time the suit is instituted. Hence, if suit be instituted in a Federal court, between citizens of different States, it does not oust the jurisdiction, if, by change of domicile, they subsequently become citizens of the same State. In *Dunn v. Clarke*, 8 Pet. 1, the Supreme Court of the United States said : " Of the action at law, the Circuit Court had jurisdiction ; and no change in the residence or condition of the parties can take away a jurisdiction which has once attached." This was said in maintenance of the jurisdiction of the Circuit Court of the United States. Can the rule be different as to a State court ? Can that logic be sound, which asserts that change of domicile, after action brought, can not oust the jurisdiction of a Federal court, but may give it jurisdiction where it had none before ? To the same effect are the cases of *Clarke v. Matherson*, 12 Pet. 164 ; *Green v. Custard*, 23 How. 484. The following cases, we think, maintain the true doctrine, that when both parties are resident citizens of the same State at the time the action is brought, neither of them can acquire the right of removal by changing his domicile : *Tapley v. Martin*, 116 Mass. 275 ; *Holden v. Put. Fire Ins. Co.*, 46 N. Y. 1 ; *People v. Superior Court*, 34 Ill. 356 ; *Sewing Machine Co. v. Smith*, 71 Ill. 204 ;

*Ins. Co. v. Pechner*, 95 U. S. 183; *Gold-washing & W. Co. v. Keyes*, 96 U. S. 199.

4. There is a second grave defect in the petition for removal, in this: that it was not presented to the Circuit Court until there had been three continuances of the cause, and no excuse is offered for the delay.—*Bible Society v. Grove*, 101 U. S. 610; *Ins. Co. v. Precher, supra; Savings Bank v Benton*, 2 Metc. Ky. 240.

5. A third possible defect consists in the failure to show that the affidavit of local prejudice was made before an officer of the law authorized to administer an oath. We can not know judicially that the person certifying the affidavit is the officer he represents himself to be, or that he has authority to administer an oath.

We are convinced the defendant showed no good ground for a continuance; but the power of the Circuit Court being discretionary, this court can not enter into the inquiry, whether he exercised it for a sufficient or insufficient reason. That would be to review his decision.

*Mandamus* denied.