## CURTIN *v.* DECKER.

*(Circuit Court, E. D. Wisconsin. January, 1881.)*

1. REMOVAL—WHEN REQUISITE CITIZENSHIP MUST EXIST.

   A cause may be removed under the act of 1875 if the required citizenship exists at the time the petition for removal was filed.

2. SAME—SAME.

   The petition for removal, made by the complainant, alleged that at the date of the petition she was a citizen of the state of Illinois, and that the defendant was a citizen of the state of Wisconsin.

   The defendant moved to remand, on the ground that the petition for removal did not show that the parties were citizens of different states at the time the action was commenced in the state courts. *Held,* that the motion to remand must be overruled.—[ED.

In Equity.    Motion to Remand.

*Murphey & Goodwin,* for complainant.

*A. G. Weissert,* for defendant.

DYER, D. J.    This is a case removed from the state court. The petition for removal was made by the complainant, and alleges that at the date of the petition she was a citizen of the state of Illinois, and that the defendant was a citizen of the state of Wisconsin.

The defendant now moves to remand the case on the ground that the petition for removal does not show that the parties were citizens of different states at the time the action was commenced in the state court.

The removal of the case to this court was under the act of March 3, 1875, (18 U. S. St. at Large, 470, 471.) The question involved is, therefore, whether the right to remove a case, under that act, from the state court to the federal court, is dependent upon the citizenship of the parties at the time the action was commenced in the state court.    In the case of *Rawle* v. *Phelps,* 9 Cent. L. Jour. 46, the learned district judge of the eastern district of Michigan, in a carefully-considered opinion, held that to authorize a removal to the federal court, under the act of 1875, the requisite citizenship must have existed at the time the suit was commenced in the state court.    The question, it is understood, has not been decided by the supreme court.    It was alluded to in the opin-

v.5,no.5—25

ion in *Insurance Co.* v. *Pechner*, 95 U. S. 183, but was left undetermined, as that case only involved a construction of the act of 1789. The case would be truly exceptional in which I could ever differ from the learned and able judge who decided *Rawle* v. *Phelps*, without hesitation. But, upon the present question, I am constrained to take a different view of the statute from that which he has adopted.

It must be admitted that the question is not free from difficulty, but I am unable to avoid the conclusion that by the language used in sections 2, 3, and 5 of the act of 1875, it was intended to give to parties the right of removal in case the requisite citizenship existed at the time of the application for removal. This seems to me to be the most reasonable construction of the statute, and the weight of authority appears to sustain that view. Putting the second section of the act into grammatical form, it provides that [if in] any suit of a civil nature, at law or in equity, *now pending*, or hereafter brought in any state court, where the matter in dispute exceeds, exclusive of costs, the sum of $500, there shall be a controversy between citizens of different states, either party may remove said suit into the circuit court of the United States for the proper district. It appears, therefore, that the act was intended to apply to all causes pending at the time the act was passed, without reference to the fact whether the federal court would have had jurisdiction at the time the suit was commenced in the state court or not. If that is the true rule as to causes pending at the time of the passage of the act, the inference seems very strong that it is applicable to causes thereafter brought in the state court. And it is not to be overlooked that the whole language of the act of 1875, in this respect, is very different from that of the act of 1789. By the terms of that act the right to remove a cause was dependent upon the existence of the requisite citizenship when the suit was commenced. There is no language to that effect in the act of 1875, and the argument, from the fact that the words used in the act of 1789 have been dropped in the act of 1875, seems very strong in favor of this view of the question, and such view also acquires additional force from

an examination of the fifth section of the act, which provides that if, in any suit removed from a state court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been * * * removed thereto, that such suit *does not* really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court," the suit shall be dismissed or remanded to the state court. Thus a "dispute or controversy" is spoken of in the present tense; that is, at the time the court considers the question, after the cause has been removed.

I forbear to enter further upon a discussion of the question, since it has been so fully considered by other federal judges, whose opinions are entitled to great consideration. See *Jackson* v. *The Mut. Life Ins. Co.* 3 Woods, 413; *McLean* v. *The St. Paul & Chicago Railway Co.* 16 Blatchf. 309; and *Chicago, St. Louis & N. O. R. Co.* v. *McComb*, 9 Rep. 569.

In *Johnson* v. *Monell*, 1 Woolworth, 390, Mr. Justice Miller held that under the act of 1867, for the removal of causes, the right of removal was not limited to parties who were citizens of different states at the time the suit was commenced, and that, at least by the strongest implication, it provided otherwise. As the language of the act of 1867 is in substance like that of the act of 1875, the construction put upon the former act by Mr. Justice Miller is strongly applicable to the statute of 1875.

In *McGinnity* v. *White*, 3 Dill. 350, which was a case removed under the act of 1866, Judge Dillon cited *Johnson* v. *Monell* as authoritative, and, speaking of the acts of 1866 and 1867, said: "As both acts give the right to apply for the removal at any time before the trial or final hearing of the cause, I can see no difference, in this respect, between the act of 1866 and the act of 1867; and the reasoning in the case cited (*Johnson* v. *Monell*) seems to be applicable here, and to favor the right of removal." And, although pending the action in the state court the defendant had removed from the state of which both parties were citizens when the action was commenced, Judge Dillon sustained the right of removal.

The view taken of the question by Judge Woods and Judge Blatchford, in the cases cited, (3 Woods, 413; 16 Blatchf. 309; and 9 Rep. 569,) has also been adopted by the supreme court of Georgia in *Jackson* v. *The Mut. Ins. Co.* 60 Ga. 423, and by the supreme court commission of Ohio in *Phœnix Life Ins. Co.* v. *Saettel*, 7 Cent. L. Jour. 398.

I hold, therefore, upon what I regard the weight of authority, and as a correct interpretation of the act of 1875, independent of authority, that the right of removal under that act is not dependent upon citizenship when the suit was commenced in the state court, but that if the required citizenship exists at the time the petition for removal is filed in the state court, that is sufficient.

Motion to remand overruled.

NOTE.  See *Beede* v. *Cheeney, infra.*