## GLOVER *v.* SHEPPERD and another.

*(Circuit Court, W. D. Wisconsin. April 2, 1883 )*

1. REMOVAL OF CAUSES—MOTION TO DOCKET—CAUSE, WHEN CONSIDERED ENTERED.

    When the papers are regularly transmitted from the state court to the clerk of this court and are on the files of the court on the first day of the first term after the filing of the petition for removal and bond, and proceedings have been taken in this court by both parties, although a formal motion to docket the case was not made, they must be considered as having been filed and the cause entered.

2. SAME—DIVERSITY OF CITIZENSHIP AT TIME OF APPLICATION.

    It is enough that the proper diversity of citizenship of the respective parties exists at the time the application for removal is made; it need not be shown to have existed at time suit was instituted.

3. SAME—ALLEGATIONS AS TO DIVERSITY OF CITIZENSHIP—AMENDMENT OF PETITION—WAIVER OF DEFECT.

    The allegation in a petition for removal that defendants are "*residents*" of Minnesota and Ohio instead of "*citizens*," is not a compliance with the statute; but the court may, where such defect is the result of inadvertence, allow the petition to be amended to correspond with the actual facts, especially where such defect has not been discovered, or objected to by the opposite party, and he has taken important steps in the cause, and prepared it for trial in the circuit court.

Decision on Motion to Remand Cause to State Court.

*S. U. Pinney*, for plaintiff.

*C. C. Gregory* (with *N. H. Clapp*) and *I. C. Sloan*, for defendant.

BUNN, J. This cause was commenced in the circuit court of St. Croix county, Wisconsin. On February 20, 1882, the defendants, being non-residents of the state, filed their petition in the state court for the removal of the cause to this court, and filed a proper bond as required by law. Thereupon the court granted the petition, and the original papers, with a complete transcript of the record and papers in the cause, were transmitted by the clerk of the state court to the clerk of this court, who received them and placed them upon the files in his office in March, 1882, and before the sitting of this court in June of the same year, but the papers were not marked as filed by the clerk, nor has any motion been formally made to docket the cause in this court. But the parties, soon after the papers were sent to this court, and in May, 1882, entered into a stipulation to take testimony in the case, and a special examiner was appointed by this court and testimony was taken and the case proceeded with by both parties as

properly pending in this court during the lapse of nearly three terms. In December, 1882, by stipulation of the parties, the case was set down for trial at the December term, 1882. The plaintiff now moves to remand the cause to the state court on three several grounds: *First,* that the case was not entered in this court on the first day of the June term, 1882, next after the petition and bond for removal were filed, and no motion was then made to docket the cause in this court; *second,* that the petition does not show the proper citizenship of the parties at the time of the commencement of the action; *third,* that the petition does not show that the defendants were citizens of states other than Wisconsin, where the plaintiff resides and is a citizen.

It is evident the first ground cannot prevail. It is customary to make a formal motion on the first day of the term to docket the cause, but the statute does not require this, nor that the papers should be formally filed on that day with pen and ink.

The papers being regularly transmitted to the clerk of this court, and being on the files of the court on the first day of the first term after the filing of the petition and bond, and proceedings already having been taken in this court by both parties, they must be considered as having been filed and the cause entered. The conduct of the plaintiff in entering into a stipulation to take testimony in this court, and in taking testimony and preparing for trial and in setting the case down for trial here, would constitute a waiver of any informality of this kind. And if the case could not be considered as entered on the first day of the term, the court might allow it to be done afterwards. *Jackson* v. *Ins. Co.* 3 Wood, C. C. 413; *Railroad Co.* v. *Kountz,* 104 U. S. 16.

The second ground also furnishes no sufficient reason for remanding the cause. The petition for removal contains the following allegations: That the plaintiff is, and at the time of the commencement of said action was, a resident and citizen of the state of Wisconsin, and resides at the city of Hudson in said state. This allegation is complete under any of the removal laws. That as to the citizenship of the defendants is more open to objection, and is as follows:

"That neither of the petitioners is a resident or citizen of the said state of Wisconsin, but that the petitioner, the said Harvey C. Shepperd, resides at Worthington, in the county of Nobles, and state of Minnesota, and that the petitioner, the said Henry B. Waldren, resides at Wendham, Portage county, in the state of Ohio, and that neither of the petitioners was a resident of the state of Wisconsin at the time of the commencement of the action."

It has been held under the original removal statute of 1789, though the necessity of such holding has been questioned and is not very apparent, that the allegation of citizenship must relate to the time of the commencement of the action. *Brown* v. *Keene,* 8 Pet. 112; *Ins. Co.* v. *Pechner,* 95 U. S. 183; S. C. 65 N. Y. 199.

It is difficult to find anything in the statute to render such a holding necessary; and, especially when the purpose of the law is considered, which was evidently to allow controversies arising between citizens of different states to be determined in the federal courts, as the constitution provides they may be, it would seem that a more liberal construction of the statute might have been adopted to further the object in view. Dillon, Rem. Causes, 88. But no doubt such was the law under the original removal provision of 1789.

But such has never been the holding under the act of 1866 or that of 1875. One evident purpose and effect of the act of 1875 was to enlarge the jurisdiction of the federal courts in removal cases, and to make the statute more nearly commensurate with the constitutional provision. Section 2 provides "that any suit of a civil nature, at law or in equity now pending or hereafter brought in any state court where the matter in dispute exceeds, exclusive of costs, the sum or value of $500, * * * in which there shall be a controversy between citizens of different states, * * * either party may remove said suit into the circuit court of the United States. * * * " There are evidently no words here that can confine the removal to cases where the requisite citizenship exists at the time of the commencement of the action. Such a construction would defeat the language as well as the intent of the statutes. It is enough that the proper diverse citizenship of the respective parties should exist when the application for removal is made. *Johnson* v. *Monell,* 1 Woolw. C. C. 390; *Jackson* v. *Ins. Co.* 3 Wood, C. C. 413; *McGinnity* v. *White,* 3 Dill. 350; *McLean* v. *St. Paul & C. R. Co.* 16 Blatchf. 309; *Hewit* v. *Phelps,* 105 U. S. 393; Dillon, Rem. Causes, (3d Ed.) 88.

It remains to consider whether the third ground for remanding is well chosen, and if so whether there has been any waiver of the defect, and it is curable by amendment. The precise facts proper to have alleged were that at the time of making the application for removal the plaintiff was a citizen of Wisconsin, and the defendant Shepperd was a citizen of Minnesota, and defendant Waldren of Ohio. The allegation in regard to the plaintiff is sufficient, though it contains considerable superfluous matter. The allegation in regard to the defendants is defective in that it alleges that the defendants were *residents* of

Minnesota and Ohio, instead of *citizens*. The defendants' counsel insist that it must follow from the allegation that neither of them were citizens of Wisconsin, but that one was a resident of Minnesota and the other of Ohio; that they were either citizens of the United States or aliens. But I do not think that follows, even if such an inferential way of stating the case were allowable. They might for all that appears be citizens of a territory, or the District of Columbia, in either of which cases this court could not take jurisdiction. See *Hepburn* v. *Ellzey*, 2 Cranch, 445; *New Orleans* v. *Winter*, 1 Wheat. 91; *Barney* v. *Baltimore*, 6 Wall. 287; *Schwab* v. *Hudson*, 11 C. L. R. 372; *Cissil* v. *McDonald*, 16 Blatchf. 150. But I cannot concede that an allegation in the alternative, that defendants were citizens of certain of the United States, or aliens, would be good. Whatever the ground of jurisdiction be, whether citizenship or alienage, it should be stated directly and positively, and not in the alternative, or in such a manner as to leave the court to reason the case out from premises alleged; and such has always been the rule. 76 N. Y. 207; 9 C. L. R. 324; *Goddard* v. *Bosson*, 21 Kan. 139. An allegation of residence, in legal acceptation, is not equivalent in these cases to an allegation of citizenship. A man may be a resident of a state and be a citizen of another state, or of the District of Columbia, or of a foreign country; though it was held in *Gassies* v. *Ballon*, 6 Pet. 761, that an averment that the defendant was a naturalized citizen of the United States and resided in Louisiana, and the plaintiff was a citizen of France, was enough to give jurisdiction to the court. See *Parker* v. *Overman*, 18 How. 137. But that is not an authority here, because there is nothing to show that these defendants are citizens of the United States at all. So that I think if the objection to the defect in the allegations of the petition has not been waived, and there is no power of amendment in the court in such cases, the cause must be remanded to the state court. And this brings me to the most important and delicate question in the case; whether such a defect can be waived by the parties or cured by amendment, to make the petition correspond with the actual facts.

There is no room for any reasonable doubt, even upon the record, that this was a proper case for removal to this court. There has been no collusion, nor any attempt to get a case into this court that does not properly belong here. It is simply an endeavor in entire good faith on defendants' part to remove a case to this court, when the requisite facts as to citizenship existed, both at the commencement of the action and the filing of the petition, but resulting in a

failure from want of use of the proper legal phraseology to bring the case within the requirements of the statute. The pleaders, when attempting to set out the citizenship of the parties, have inadvertently used the words "resident" and "citizen" indifferently in their popular senses as being synonomous terms. The defect has not been discovered, or, if discovered, no notice taken of it, until the lapse of nearly three terms of this court since the transmission of the papers, and until the cause has been proceeded with and evidence taken in this court under stipulation of parties, and until the case is set down for trial and supposed to be ready for trial. The record sent from the state court also shows, in an affidavit made on the part of the plaintiff to obtain an order for the publication of the summons against them as non-residents, that one of them resides in Minnesota and the other in Ohio, and that they were neither of them residents of Wisconsin.

The defendants now ask to amend the petition, and stand ready to verify all the facts necessary to give jurisdiction to this court. In the circumstances of the case, and after a careful view of the question and the authorities, I am of opinion that it is within the power and discretion of this court to grant the amendment, and that it is a proper case for the exercise of that discretion.

In *Parker* v. *Overman*, 18 How. 141, the petition for removal did not contain the proper averment as to the citizenship of the parties, and the defect was as in this case. It was alleged that the plaintiff resided in Tennessee and the defendant in Maryland. But the supreme court say that as the record was afterwards so amended as to show conclusively the citizenship of the parties, the court below had, and this (the supreme) court have, undoubted jurisdiction of the case. This looks much like a direct sanction by the supreme court of such an amendment, and perhaps is authority enough; and yet, as it has been common to assume that the question is so far jurisdictional as to disarm the court of its usual power to grant relief by amendment, it may be well to cite further authority, and also to see how the case stands upon principle.

In *Gold Washing & Water Co.* v. *Keyes*, 96 U. S. 202, the court says: "For purposes of the transfer of a cause the petition for removal which the statute requires performs the office of a pleading." And this is undoubtedly its true character. And further, in the same case, the court say: "The record in the state court, which includes the petition for removal, should be in such condition when the removal takes place as to show jurisdiction in the court to which it goes. If it is not, and the omission is not afterwards supplied, the suit must be

remanded;" clearly recognizing the power of amendment to supply defects in the record. When pleadings have already been put in in the state court, the petition is in the nature of a supplemental complaint or answer, alleging the facts showing jurisdiction in the federal court. If the suit had originally been brought in the United States court, the declaration or bill of complaint would have performed the same office of setting forth these facts. But no one in such case would ever think of questioning the power of the court to allow an amendment of any allegation relating to the citizenship of the parties, or any other allegation, the purpose of which should be to show jurisdiction in the federal court. But where is the distinction between the two cases? Whether the case is commenced in the state or federal court, it is essential that the record should show on its face all the facts necessary to give jurisdiction to the court. But the requirement is quite as imperative in the one case as the other. But in cases originally brought in this court the authority is uniform that such amendment of jurisdictional facts will be allowed. And the statute certainly seems broad enough to cover any pleading, process, or proceeding. *Connolly* v. *Taylor,* 2 Pet. 556, by MARSHALL, J.; *Jackson* v. *Ashton,* 10 Pet. 480, decided by STORY, J.; *Kelsey* v. *Railroad,* 14 Blatchf. 89; Bump, Fed. Proc. 148, and cases cited.

In one case the plaintiff, in his petition, by inadvertence of his attorney, described himself as a citizen of the state where the suit was brought, so that it appeared affirmatively on the record that plaintiff and defendant were citizens of the same state. The removal was had, and in the federal court the plaintiff was allowed by Mr. Justice BRADLEY to amend his petition to correspond with the fact. *Borchlay* v. *Levee Com'r,* 1 Wood, C. C. 254. See, also, to like effect, *Houser* v. *Clayton,* 3 Wood, C. C. 273, where Mr. Justice BRADLEY says there is no good reason why a defendant should not be allowed to amend his petition, if, by inadvertence, it is imperfect as first presented.

So in *Hodgson* v. *Bowerbank,* 5 Cranch, 303, decided by MARSHALL, J., the defendants were described in the petition as late of the district of Maryland, merchants, but were not stated to be citizens of Maryland. The plaintiffs were described as aliens. The allegation as to defendants was held fatal as not showing defendants citizens of some particular state, but the court afterwards allowed the record to be amended by consent. As consent could not of itself confer jurisdiction, it is evident, if the record could be amended by consent so as to bring the case within the constitutional provision, it could be so

amended in a proper case on motion without consent. See, also, the late cases of *Deford* v. *Mahaffy*, 13 FED. REP. 481, and *Wooldredge* v. *McKenna*, 8 FED. REP. 650.

In a recent unreported case decided by Judge BLODGETT, *Young et al.* v. *Miller et al.*, there was found to be a material defect in the removal bond, which was drawn and conditioned according to the old statute, while the removal was asked for under the act of 1875. The state court had approved the bond and ordered the removal. It was held, upon objection for the first time taken in the United States court, that the party asking for the removal should be allowed to file a new bond conforming to the statute.

In *Davies* v. *Lathrop*, 13 FED. REP. 565, it was held by WALLACE, J., that a party loses his right to object to the removal of an action in a case like this by going to trial without raising the objection. That is not an authority here, and yet, if in that case the question was so far jurisdictional that the defect could not be cured by amendment, it is difficult to see how it could be cured by waiver. Whether by taking important steps in the cause and preparing it for trial in this court would deprive a party of the right to take advantage of such a defect or not, it is quite clear that it furnishes abundant motive for the exercise of a liberal discretion on the part of the court to allow an amendment of the record, if the court have power to allow such amendment; and I believe it has.

Section 3 of the act of 1875 was intended to provide a method of procedure for transferring a cause by either party to the federal court, where there should be a controversy between citizens of different states, or a question arising under the constitution or laws of the United States. The purpose was to provide proper and reasonable means for securing a trial in that court, which has proper jurisdiction of the case. No one's rights are menaced; no one's rights are to be divested or taken away. The object is to secure a right which both parties alike have, by the constitution and laws, to have the case litigated and determined in one court rather than another; and to construe a law which provides a mere procedure for certain cases as being in the strictest sense mandatory, is, in my judgment, to disregard all the analogies of the law in other similar cases.

The motion to remand will be overruled, upon the defendants amending their petition so as to show the facts in regard to the citizenship of the defendants necessary to bring the case within the statute.