## Case No. 8,892.

### McLEAN v. ST. PAUL & C. RY. CO.

[16 Blatchf. 309; 25 Int. Rev. Rec. 249; 8 Reporter, 69; 20 Alb. Law J. 78.] [1]

Circuit Court, S. D. New York. May 24, 1879.[2]

REMOVAL OF CAUSES — PETITION — SUFFICIENCY— CITIZENSHIP—COPY OF RECORD NOT FILED IN TIME.

1. Under sections 2 and 3 of the act of March 3, 1875 (18 Stat. 470, 471), a suit may be removed into this court from a state court, on a petition by the defendant. averring that the defendant is a corporation created by. and a citizen of. one state, and that the plaintiff is a citizen of another state. without averring that the plaintiff was, at the time of the commencement of the suit. a citizen of a different state from the defendant.

[Cited in Chicago, St. L. & N. O. R. Co. v. McComb. Case No. 2,670; Wehl v. Wald,

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission. 25 Int. Rev. Rec. 249, 8 Reporter. 69, and 20 Alb. Law J. 78, give only partial reports.]

2 [Affirmed in 108 U. S. 212, 2 Sup. Ct. 498.]

Id. 17,356; Clarkson v. Manson, 4 Fed. 262; Curtin v. Decker, 5 Fed. 387, 388; Glover v. Shepperd, 15 Fed. 835. Disapproved in La Montagne v. T. W. Harvey Lumber Co., 44 Fed. 648.]

2. The defendant in a suit. after taking steps to remove it into this court, did not file in this court a copy of the record of the suit until three days after the day named in the removal bond as the day on which the copy of the record was to be filed. The case was not within the exceptions provided for in section 7 of the said act. The plaintiff had not waived the delay, and the defendant offered no excuse except an allegation that the non-filing on the proper day was an inadvertence. The plaintiff moved to remand the cause: *Held*, that the motion must be granted.

[Cited in McLean v. St. Paul & C. Ry. Co., Case No. 8,893; Woolridge v. M'Kenna, 8 Fed. 667; Stoutenburgh v. Wharton, 18 Fed. 2, 3; McGregor v. McGillis, 30 Fed. 390, 391.]

[This was a suit originally brought in a state court of New York by Samuel McLean against the St. Paul & Chicago Railway Company, for breach of contract. It was removed to this court on motion of defendant, and is now heard on motion of plaintiff to remand to the state court.]

D. M. Porter, for plaintiff.
Charles W. Bangs, for defendant.

BLATCHFORD, Circuit Judge. On the 7th of February, 1879, this suit was commenced in the court of common pleas for the city and county of New York, by the service of a summons. A complaint was afterwards put in in the state court, which demands judgment against the defendant for $105,000 and interest, for breach of a contract. The complaint, which is sworn to February 27th, 1879, sets forth that the plaintiff "is a resident of the city of Brooklyn, county of Kings and state of New York." The defendant is a corporation created by the state of Minnesota. On the 17th of March, 1879, the state court made an order in the cause, in these words: "It appearing by the complaint in this action, that the defendant, the St. Paul and Chicago Railway Company, is a corporation created under and by virtue of the laws of the state of Minnesota, and that the plaintiff is a resident of the state of New York, and the said defendant having, before the term at which this cause could be first tried in this court, made and filed a petition in this suit, in this court, whereby it appears that the plaintiff in this action is a citizen of the state of New York, and that the defendant is a citizen of the state of Minnesota, and that, pursuant to the second and third sections of the act of the congress of the United States, approved March 3, 1875, this being an action between citizens of different states, and the matter in dispute, exclusive of costs, exceeds the sum of value of $500, the defendant having prayed for the removal of this suit into the circuit court of the United States for the Southern district of New York, and having

made and filed with the said petition a bond, with good and sufficient surety, for the defendant entering in said circuit court, on the first day of its next session, a copy of the record of such suit in this court, and for paying all costs that may be awarded by the said circuit court of the United States, if the said court shall hold that this suit was wrongfully or improperly removed thereto, and also for the appearing and entering special bail in such suit, if special bail was originally requisite therein, now, on reading and filing a copy of the pleadings in said action in this court, and the said petition and bond and proof of service of a copy thereof, and of notice of application for this order, on the attorney for the plaintiff, and on motion of Mr. C. W. Bangs, attorney for the defendant in this action, no one appearing to oppose, it is ordered, that the said petition and bond be accepted and filed, and that this court will proceed no further in this suit, and it is hereby declared that the said suit is removed to the said circuit court of the United States for the Southern district of New York." The petition to the state court is dated March 3d, 1879, and sworn to the next day. It sets forth, that the defendant "is, and is alleged in the complaint to be, a corporation created and existing under and by virtue of the laws of the state of Minnesota, and that it is alleged in the complaint that the plaintiff is a resident of the city of Brooklyn, county of Kings and state of New York, and the plaintiff is, as your petitioner is informed and believes, a citizen of the state of New York, and the defendant corporation is a citizen of the state of Minnesota." The bond referred to in said order contains this recital: "Whereas the said Samuel McLean, a citizen of the state of New York, has commenced an action in the court of common pleas for the city and county of New York, against the St. Paul and Chicago Railway Company, a citizen of the state of Minnesota, * * * and the said action involves a controversy between citizens of different states."

The first day of the next session of this court after the 17th of March, 1879, was the 7th of April, 1879. The defendant did not file a copy of the record in the suit in this court on the 7th of April, nor did it enter an appearance in this court in this suit on the 7th of April, nor until the 10th of April, on which latter day it did file in this court a copy of such record, and enter its appearance in this suit in this court, and enter a rule in this court that this action proceed in this court as if originally commenced therein, of which notice was given to the plaintiff's attorney on the 10th of April.

The plaintiff now moves this court to remand this cause to the state court, on two grounds: (1.) Because the proceedings for the removal do not show that, at the commencement of the suit, the plaintiff was a citizen of the state of New York, but only

show that the plaintiff was a citizen of the state of New York at the time the defendant applied to remove the cause; (2.) Because the record was not filed in this court until the 10th of April.

In Insurance Co. v. Pechner, 95 U. S. 183, a petition for removal on the ground of citizenship was presented to the state court under section 12 of the act of September 24, 1789 (1 Stat. 79), which provided, that, "if a suit be commenced in any state court," "by a citizen of the state in which the suit is brought, against a citizen of another state," "and the defendant shall, at the time of entering his appearance in such state court, file a petition for the removal of the cause for trial into the next circuit court," "it shall then be the duty of the state court to" "proceed no further in the cause." The petition was dated ten days after the suit was commenced, and was sworn to the next day after its date, and it was presented to the state court at the time the appearance of the defendant was entered in that court. The statement of the petition as to the citizenship of the plaintiff was, that the plaintiff "is a citizen of the state of New York." The state court denied the application for removal. The plaintiff had a judgment. The case went to the court of appeals of New York, which held (Pechner v. Phoenix Ins. Co., 65 N. Y. 195), that the state court had a right to proceed with the cause, because the petition for removal did not show that the plaintiff was a citizen of the state of New York when the suit was commenced. The case was then taken to the supreme court of the United States. That court held that section 12 of the act of 1789, in the language above quoted, had reference to the citizenship of the parties when the suit was begun. It added: "The phraseology employed in the acts of 1866 (14 Stat. 307), 1867 (14 Stat. 558), and 1875 (18 Stat. 470), and in Rev. St. § 639, is somewhat different, and we are not now called upon to give a construction to the language there used. As to the act of 1789, we entertain no doubt in this particular. This right of removal is statutory. Before a party can avail himself of it, he must show upon the record that his is a case which comes within the provisions of the statute. His petition for removal, when filed, becomes a part of the record in the cause. It should state facts which, taken in connection with such as already appear, entitle him to the transfer. If he fails in this, he has not, in law, shown to the court that it cannot 'proceed further with the cause.' Having once acquired jurisdiction, the court may proceed until it is judicially informed that its power over the cause has been suspended. It remains only to apply this rule to the facts as they appear in this record. The suit was commenced June 1, 1867. At that time there was nothing in the pleadings or process to indicate the citizenship of the plaintiff. The defendant, in its petition for removal, bearing date

June 11, simply stated that the plaintiff is—that is to say, was at that date—a citizen of New York. This, certainly, is not stating affirmatively that such was his citizenship when the suit was commenced. The court had the right to take the case as made by the party himself, and not inquire further. If that was not sufficient to oust the jurisdiction, there was no reason why the court might not proceed with the cause. We think, therefore, that the court of appeals did not err in its decision."

As there was nothing before the state court in this case, and there is nothing before this court, to show that the plaintiff was a citizen of the state of New York when this suit was commenced, it follows that this court would have no jurisdiction of this suit if the removal were sought under a statute worded as is section 12 of the judiciary act of 1789. But the order of removal shows that the state court regarded the case as one of removal under sections 2 and 3 of the act of March 3, 1875 (18 Stat. 470, 471). Section 2 of that act provides, "that any suit of a civil nature, at law or in equity, now pending or hereafter brought in any state court, * * * in which there shall be a controversy between citizens of different states, * * * either party may remove said suit into the circuit court of the United States for the proper district." Section 3 of that act provides, "that, whenever either party * * * entitled to remove any suit mentioned in the next preceding section shall desire to remove such suit from a state court to the circuit court of the United States, he or they may make and file a petition in such suit in such state court, * * * for the removal of such suit into the circuit court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such circuit court on the first day of its then next session, a copy of the record in such suit, * * * and also for there appearing * * * in such suit, * * * it shall then be the duty of the state court to accept said petition and bond and proceed no further in such suit * * *; and, the said copy being entered as aforesaid in said circuit court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court."

The defendant contends, that, under the act of 1875, it is not necessary, in order to a removal in the present case, that it should appear that the parties were citizens of different states when the suit was commenced.

The act of March 2, 1867 (14 Stat. 558) provided, "that, where a suit is now pending or may hereafter be brought in any state court, in which there is controversy between a citizen of the state in which the suit is brought and a citizen of another state, * * * such citizen of another state, whether he be plaintiff or defendant, if he will make and file in

such court an affidavit stating * * * may, at any time before the final hearing or trial of the suit, file a petition in such state court for the removal of the suit into the next circuit court of the United States to be held in the district where the suit is pending, and offer good and sufficient surety * * *; and it shall be thereupon the duty of the state court to accept the surety and proceed no further in the suit."

In Johnson v. Monell [Case No. 7,399], the plaintiff, being a citizen of Iowa, brought a suit in a state court of Nebraska against a citizen of Nebraska. During the pendency of the suit the plaintiff became a citizen of Nebraska, and the suit was tried in the state court while both of the parties were citizens of Nebraska. The plaintiff had a verdict. A new trial was granted on the application of the defendant. The plaintiff, having again, and voluntarily, become a citizen of Iowa, then petitioned, under the act of 1867, for the removal of the suit into the circuit court of the United States for the district of Nebraska, the defendant having remained throughout, and being still, a citizen of Nebraska. The state court made an order removing the cause, and the defendant then moved the circuit court to dismiss the case, or remand it to the state court, for want of jurisdiction. The motion was heard before Mr. Justice Miller and Judge Dundy. The court held that the act of 1867 was within the constitutional power of congress. The court then proceed, Mr. Justice Miller delivering the opinion: "The next question is, whether the fact that, pending the litigation in the state court, the plaintiff changed his citizenship from Nebraska to Iowa, stands in the way of the removal of the cause? The act does not, in terms, prescribe the time at which the citizenship of the moving party must be acquired. Nor is there anything from which to imply that a time was intended to be limited in that regard. Had congress intended to confine the privileges of the act to parties who were citizens of different states at the commencement of the suit, it would have been very easy so to have provided. It did not see fit so to do. On the other hand, in express terms, or, at least, by the strongest implication, it provided otherwise. The language is: 'Where a suit is now pending, or may hereafter be brought, in any state court, in which there is a controversy between a citizen,' &c., which is as much as to say, whenever a controversy shall arise, in a suit pending in a state court, the parties to which shall at any time be citizens of different states, 'the cause may be removed. No time at which the citizenship shall be acquired is limited. So, the inference is, that it may be acquired at any time. Nor is the case changed by the circumstance that the citizenship in Nebraska was abandoned, and that in Iowa acquired voluntarily, or even for the purpose of securing the right of removal. It has been repeatedly held, that the

fact that a party had removed from one state to another, in order to be able to bring his suit in the federal court, did not affect the jurisdiction." The conclusion of the court was, that congress intended, in reference both to plaintiffs and to defendants, to confer the right of removal from the state courts, at any stage of the proceedings before the final trial was begun, and when the requisite citizenship was found to exist, on the making of the proper affidavit and the giving of the required bond. In the particulars involved in the suit now before us, the provisions of the act of 1875 are like those of the act of 1867. This suit is within the terms of section 2 of the act of 1875. It is a civil suit, brought in the state court after the passage of the act of 1875, the matter in dispute exceeds the requisite amount, and there is a controversy in it between citizens of different states. The petition and bond were in proper form. The state court accepted them and made the order of removal. The expression in the act of 1875, "any suit now pending or hereafter brought, in which there shall be a controversy between citizens, either party may remove it," is in the same form, and must have the same meaning, in respect to the point now under consideration, as the expression in the act of 1867, "where a suit is now pending or may hereafter be brought, in which there is a controversy between a citizen and a citizen, the latter citizen, whether plaintiff or defendant, may file a petition for the removal of the suit." The observations of Mr. Justice Miller in regard to the act of 1867 apply fully to the act of 1875.

In McGinnity v. White [Case No. 8,802], the plaintiff, in February, 1870, brought a suit in a state court of Nebraska, against five defendants. One of them, White, after answering, and in April, 1875, filed a petition for the removal of the suit into the circuit court of the United States for the district of Nebraska, under the act of July 27, 1866 (14 Stat. 306). The petition set forth that White "is now, and, since the 19th day of February, 1873, has been, a citizen of the state of New Jersey," and that "the plaintiff is, and was at the time of bringing the suit, a citizen of Nebraska," and contained the other necessary averments. The state court made an order removing the cause. A motion was made before the circuit court, held by Judges Dillon and Dundy, to remand the cause to the state court. The opinion of the court was delivered by Judge Dillon. He cites the case of Johnson v. Monell [supra] as having determined, that, under the act of 1867, "a party to a suit, who, while it is pending, becomes a bona fide citizen of another state, is entitled, if the other required conditions are met, to have the case removed." He adds: "As both acts give the right to apply for the removal 'at any time before the trial or final hearing of the cause,' I can see no difference in this respect between the act of 1866 and the act of 1867, and the reason-

ing in the case cited seems to be applicable here and to favor the right of removal. Pending the suit in the state court, the defendant has, in good faith, become a non-resident of the state of Nebraska, and a citizen of another state, and it is this which constitutes the substantial ground upon which the right, under the act of 1866, to the removal, is based." The motion to remand was denied. See, also, Yulee v. Vose [99 U. S.] 539.

On the facts set forth in the petition in this case, this suit was and is one properly removable into this court, under the act of 1875.

As to the non-filing of the record by the 7th of April, the 3d section of the act of 1875 provides, that, when the proper petition and bond, in a proper suit, are presented to the state court, it shall be the duty of that court to accept them and proceed no further in the suit. It then goes on to provide, that "the said copy," that is, a copy of the record in the state court, in the suit, "being entered as aforesaid in said circuit court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in said circuit court." The words "as aforesaid" are found in the same connection in section 12 of the act of 1789, and in section 5 of the act of March 3, 1863 (12 Stat. 757) and in the act of 1866, and in the act of 1867, and in section 2 of the act of July 27, 1868 (15 Stat. 227), and in section 639 of the Revised Statutes. They cannot properly have any other meaning than that, when the copy is entered by the party removing the cause, it must be entered at the time mentioned before as the time to be named in the bond, namely, the first day of the then next session of the circuit court. It is true, that there are exceptional cases provided for in section 7 of the act of 1875, in which it is declared that the bond may be satisfied and discharged by the filing of the copy of the record by the party removing the cause after the day named in the bond. But the present case is not one of such exceptional cases. The term of this court to which this suit was removable commenced more than twenty days after the petition and bond were filed in the state court, and it does not appear that the clerk of the state court refused to furnish a copy of the record. On the contrary, the certified copy of the record filed in this court was certified by such clerk on the 18th of March, 1879. The two cases in this court, of Broadnax v. Eisner [Case No. 1,909], and Bright v. Milwaukee & St. P. R. Co. [Id. 1,877], are authorities to show that the defendant has lost its right to perfect the removal of this cause, and that this cause must be remanded. The plaintiff has not waived the delay in filing the copy, nor does the allegation in the affidavit of the defendant's attorney, that, by inadvertence, the copy was not filed on the first day of the term, furnish a sufficient excuse to authorize this court to say that it acquired jurisdiction of the cause

by the filing of the copy on the 10th of April. The case last cited is authority, also, for holding, that there is nothing in section 5 of the act of 1875 which prevents this court from remanding this cause. The case of Osgood v. Chicago, D. & V. R. Co. [Id. 10,604] was, on the facts involved in the decision of it, not like the present case. The copy of the record of the state court had, in that case, been filed in the circuit court in time by the party removing the cause, and the cause had, in all respects, been "removed" to the circuit court, within the language of section 5. The present case has not been "removed" to this court, because that has not been done which, under section 3 of the act, authorizes this court to proceed in the suit. In regard to what is said in the case of Osgood v. Chicago, D. & V. R. Co. [supra] respecting the authority of the circuit court, since section 5 of the act of 1875 was enacted, to dismiss and remand causes, it may be observed, that the provisions of it are enabling and not prohibitory, and that they are such as not to indicate any intention in congress to take away from the circuit court the power of remanding a cause to the state court, on the ground that the prescribed prerequisites necessary to authorize the circuit court to proceed in the cause have not been complied with.

The motion to remand this cause to the state court is granted, with costs to be taxed.

[This order, together with the subsequent order of December 22, 1879 (Case No. 8,893), was affirmed by the supreme court, on writ of error. 108 U. S. 212, 2 Sup. Ct. 498.]