## McGregor *v.* McGillis and others.

### (*Circuit Court, E. D. Wisconsin.* January, 1887.)

1. Removal of Causes—Transmissal of Record—Laches.
     Where, on the granting of a petition for the removal of a cause from a state court to the federal court, the defendant failed, through the inadvertence of his counsel, to have the record promptly transmitted to the circuit court, (Act 1875, § 3,) and 15 months elapsed without such transmission, whereupon the plaintiff, for the purpose of a motion to remand, transmitted such record, *held,* that plaintiff's motion should be granted for want of due prosecution under the removal.

2. Same—Motion to Remand—Laches.
     Delay on part of plaintiff, for 15 months, in making his motion to·remand, *held* not a waiver of the right to object to defendant's failure to file, in the circuit court, a copy of the record of the cause removed.

On Motion to Remand.

*Fairchild & Fairchild,* for the motion.

*Ellis, Greene & Merrill, contra.*

Dyer, J.    This suit was begun in the state court in 1885.    On the third day of October in that year the defendants filed a petition and the requisite bond for the removal of the cause to this court, alleging that the plaintiff was an alien, and that the defendants were citizens of this state.    Although 15 months have elapsed since the petition for removal was filed, during which time four terms of this court have been held, the defendants have never caus022 to be entered here a copy of the record in the suit, as required by their bond, and by section 3 of the removal act of 1875.    At the present term the plaintiff has brought to the court, and produced for filing, a copy of the record, and has moved that the case be remanded to the state court.    The ground chiefly urged in support of the motion is that the plaintiff is not an alien, but a citizen of the United States and of the state of Wisconsin; but, upon suggestion

being made that the defendants had been guilty of laches in not entering in this court a copy of the record in the suit, the court required explanation to be made of the causes of the defendants' failure to comply with the law in filing the record.

One of the counsel for the defendants has filed an affidavit in which he states that, on filing the petition and bond for removal, he directed the clerk of the state court to immediately transmit a certified copy of the record to this court, and that the clerk promised to comply with such instruction; that the deponent, relying on such promise, supposed that the record had been duly transmitted to the clerk of this court, and did not know that it had not been transmitted and filed until the second day of the present month; and it is alleged that the plaintiff has never moved to remand the case until the present motion was made, nor has he taken any action to bring the case to trial since the removal thereof. It is also alleged that the plaintiff has not been prejudiced by the delay in filing the record, because other suits involving the property in controversy in this suit have been pending in various courts since 1885, the trial of one or more of which was desired in advance of the trial of this case, and the defendants now consent that the case be placed upon the calendar without notice of trial, and be tried at the present term.

On the part of the plaintiff, an affidavit made by the clerk of the state court is submitted, in which the deponent states that, at the time of the filing of the petition and bond for removal, defendants' attorney told him that he would inform him (deponent) when he would have the record transmitted; that the attorney did not request or direct him to make any transcript of the record, or offer him any fees therefor, or inquire what such fees would be, but only requested him to file the petition and bond, and said he would let deponent know when he wished the record transmitted; that the deponent was never subsequently informed that defendants desired the record transmitted, and he denies that he was at any time directed or requested to immediately send the record to this court or that he promised to do so.

One of the attorneys for the plaintiff makes a verified statement, in which he says that in May, 1886, he inquired of the clerk of this court whether he had received a copy of the record, and was told that he had not, and that it had not been filed; that this inquiry was made with a view to making a motion to remand, in case the record had been entered. It also appears that in November, 1886, the deponent asked one of the defendants' attorneys if the record had yet been filed, and was informed that such attorney knew nothing of the case, and would speak to his partner, who had charge of the case, about it, and that the defendants have not to the present time caused a copy of the record in the suit to be entered in this court. A counter-affidavit has been filed by the attorney for the defendants who has charge of the case on their part, in which he denies that he said to the clerk of the state court that he would inform him when he would have the record in the case transmitted to this court; and states further, among other things, that he was never informed by his partner, with whom the plaintiff's attorney swears he had

a conversation about the case in November, 1886, that the record had not been transmitted. Upon this state of facts, the question is raised whether the court should allow the case to proceed here as if the record had been duly entered by the parties making the removal, or should remand it to the state court.

Differences of opinion at one time, to some extent, prevailed in the subordinate federal courts as to whether the requirement of the act of 1875, that a copy of the record in the suit removed, shall be filed in the circuit court on the first day of the next session thereof following the filing of the petition for removal, is mandatory, and involves jurisdiction, or is directory merely, and involves only a matter of procedure. In *Woolridge* v. *McKenna,* 8 Fed. Rep. 650, the statute, in the particular mentioned, was held to be directory, and as, by inadvertence, which was shown to be quite excusable, the transcript of the record from the state court was filed on the second instead of the first day of the term of the federal court next succeeding the filing of the petition and bond for removal, the court, in view of the exceedingly brief delay in filing the transcript, was of the opinion that the objection to the retention of the case on that ground was not maintainable. But it is observed in the opinion that "while the statute may be held to be directory, merely, and not mandatory, * * * it does not follow that it is nugatory in that regard, or that the courts can ignore its plain requirement that the transcript shall be promptly filed on the first day of the term." In *Stoutenburgh* v. *Wharton;* 18 Fed. Rep. 1, it was held that the provision of the act of 1875 in relation to entering a copy of the record in the suit on the first day of the session of the federal court after filing a petition and bond for removal is mandatory; and the opinion of Judge BLATCHFORD in *McLean* v. *St. Paul & C. Ry. Co.,* 16 Blatchf. 309, indicates the same view. But it is now idle to discuss that question, as it is settled by the decision of the supreme court in *St. Paul & C. Ry. Co.* v. *McLean,* 108 U. S. 212, 2 Sup. Ct. Rep. 498. In that case it was held that the failure to file a copy of the record on or before the first day of the succeeding session of the federal court does not deprive that court of jurisdiction to proceed in the action, and that whether it should do so or not upon the filing of such copy, is for it to determine.

The case at bar should not, therefore, be remanded to the state court on the ground that, because of the failure of the removing parties to duly enter a copy of the record in the suit, this court is without jurisdiction. But the question is whether the court, in the exercise of its discretion, ought to proceed in the case as if the copy had been filed within the time prescribed by the statute, or should send it back to the state court for want of due prosecution under the removal. *Railroad Co.* v. *Koontz,* 104 U. S. 5.

In *Kidder* v. *Featteau,* 2 Fed. Rep. 616, it was held that if there is such unnecessary delay in filing the transcript as amounts to unexcused laches, whereby the other party is prejudiced, the federal court may for this reason remand the case. There was a delay of 43 days, and the court was of opinion, as the party moving to remand had not been *preju-*

*diced by the delay*, the case ought not to be remanded. In *Hall* v. *Brooks*, 14 Fed. Rep. 113, it appeared that a copy of the record should have been filed November 1st. It was not filed until December, and the excuse given for the delay, which was that, from information sought and obtained at the clerk's office, the attorney understood that the next succeeding term would be in December, was held sufficient. In *Stoutenburgh* v. *Wharton, supra*, there was a delay in filing the record from the March term until the September term. The excuse made was that the removing party had seasonably given verbal directions to the clerk of the state court to transmit to the federal court a copy of the record, and supposed his request had been complied with. This was held to be an insufficient excuse, and the case was remanded. Thus different judges have taken different views of the question as it has arisen before them.

In *McLean* v. *St. Paul Ry. Co.*, 16 Blatchf. 309, the first day of the next session of the federal court after the case was ordered removed by the state court was April 7, 1879. The removing party filed a copy of the record on the tenth day of April, and Judge BLATCHFORD remanded the case because of the delay. This judgment was affirmed on writ of error by the supreme court. 108 U. S. 212, 2 Sup. Ct. Rep. 498. Mr. Justice HARLAN, speaking for the court, said:

"We perceive no ground to question the correctness of the order of May 28, 1879, or to conclude that there was any abuse by the court of its discretion. The only reason given for the failure to file the transcript within proper time *was inadvertence upon the part of counsel; in other words, the filing was overlooked.* It is scarcely necessary to say that this did not constitute a sufficient legal reason for not complying with the statute."

This language of the court seems to be directly applicable to the present case. We have here an issue of fact between the attorney for the defendants and the clerk of the state court as to what occurred between them in relation to transmitting a copy of the record to this court. But, accepting the statement made by counsel, the case was one, not to state it more strongly, of inadvertence, so far as he was concerned. The filing was overlooked. *Stoutenburgh* v. *Wharton, supra*, is directly in point. It was the duty of the defendants to see that the record was filed. A party in such circumstances has not the legal right to rely upon a request made to and a promise by an officer, and, on his failure to transmit the record, then plead the request and the officer's default as a valid excuse for not having had the record entered as the law requires. And, as said in the outset, the defendants have not, even to this day, after the lapse of 15 months, caused a copy of the record to be filed. The record is now brought to this court by the plaintiff, and filed by him as a basis for his motion to remand. To pass the defendants' failure to file the record, after this long lapse of time, unnoticed, would tend to establish a precedent in the removal of causes from the state courts that might prove mischievous in practice. A more strict compliance with the statute is essential, and must be required.

But it is argued that the plaintiff has waived his right to object to the defendants' failure to file a copy of the record by delaying his motion to

remand until the present time. I cannot adopt that conclusion. It would certainly be singular if the defendants could escape the effect of their own laches by alleging that the plaintiff ought sooner to have complained of such laches. If the defendants had caused a copy of the record to be filed, even though somewhat out of time, and then the plaintiff had unseasonably delayed making a motion to remand, the question of waiver would present a different aspect. The facts in *Miller* v. *Kent*, 18 Fed. Rep. 561, cited in counsel's brief, are not given in the report of the case; but I have no doubt the facts were that the removing party filed a copy of the record, and then that there was unreasonable delay by the opposite party in moving to remand. Certainly the party removing a case ought not to be permitted to charge the opposite party with laches while he is himself still in default. As is well stated in one of the briefs submitted, it is upon the theory of submission to the jurisdiction of the federal court that a delay in moving to remand is a waiver of the right. And, in a legal sense, there can be no submission to the jurisdiction until the court is in a position to proceed with the case, and it is not in such position until the record is filed.

In conclusion, the order of the court will be that the cause be remanded for want of due prosecution under the removal.