## LUCKER v. PHOENIX ASSUR. CO. OF LONDON.

(Circuit Court, D. South Carolina. March 5, 1895.)

**1. REMOVAL OF CAUSES—TIME OF FILING TRANSCRIPT.**

While, upon removal of a cause from a state to a federal court, security is required that the transcript shall be filed on the first day of the next succeeding term, the federal court is not to be deprived of jurisdiction if the transcript is filed at a later day in the term, but, for good cause, may permit it to be filed at such later day.

**2. DISTRICT OF SOUTH CAROLINA—DIVISION.**

The district of South Carolina, though divided into Eastern and Western divisions, is one district, and the terms of the circuit court, though held at different places, in different parts of the state, are all held for the entire district.

This was an action by Minnie Lucker against the Phoenix Assurance Company of London, a corporation created by and under the laws of Great Britain. The action was brought in a court of the state of South Carolina, and was removed by defendant to the United States circuit court. Plaintiff moved to remand to the state court.

Bryan & Bryan, for the motion.

Trenholm, Rhett & Miller, contra.

SIMONTON, Circuit Judge. This is a motion to remand. The plaintiff began an action against the defendant in the court of common pleas for Charleston county, S. C., on 10th January, 1895. The defendant, a few days before the time for answering had expired, filed in the office of the clerk of the state court its petition and bond for removal into this court, upon the ground of diversity of citizenship. No term of the state court was then being held, nor has any been held since that time, to which the petition and bond could be presented. An order for removal has been passed by a circuit judge of the state at chambers, but this is clearly irregular. When the petition, with bond, was filed the November term of this court was current. This term ended 2d of February, 1895, and the Greenville term began on first Monday (4th) of February thereafter. No steps having been taken by the defendant to transmit the record to this court on the first day of the session thereof next after the filing of the petition for removal, the plaintiff on 28th of February last filed with the clerk of this court a certified copy of said record, and now moves to remand the cause for this default of the defendant. The defendant appeared to this motion, and stated orally in argument his reason for the default. The proper practice, when a motion to remand is made, is that the moving party should file a petition in writing, setting forth the grounds for the remand, and the petition should be traversed or otherwise pleaded to by the resisting party. The present case will be treated as a demurrer to the facts set out in the motion of the plaintiff. The ground upon which the defendant resists the motion is that the bond for removal provides for filing the record in this court on the

first day of the next sitting thereof in the district in which the cause is brought; that this cause was brought in the Eastern district of South Carolina, and that the first term of the circuit court for this district is the first Monday in April next, and not in Greenville, on first Monday in February, because Greenville is in the Western district. There has been some confusion with regard to the division of the district of South Carolina into Eastern and Western districts. The bar have entertained great doubt as to the effect of this division. But the district of South Carolina has never been abolished, and all doubt has been removed by the act of congress approved 26th April, 1890 (26 Stat. 71). That act makes one circuit court for the district of South Carolina, and creates for it four regular terms,—in the city of Greenville, first Monday in February and first Monday in August in each year; in the city of Columbia, fourth Monday in November; and in Charleston, first Monday in April. The term of this court next after the filing of this petition, on the first day of which the record should have been in this court, was the first Monday in February. The defendant, therefore, is in default. But, while the act of congress requires security that the transcript shall be filed on the first day of the term, it nowhere appears that this court is to be deprived of the jurisdiction if it be filed at a later date in the term. Removal Cases, 100 U. S. 475; Railroad Co. v. Koontz, 104 U. S. 16. This is a matter within the discretion of the court. If the cause assigned for the delay is satisfactory to the court, it can permit the record to be filed after the first day of the term. Railway Co. v. McLean, 108 U. S. 217, 2 Sup. Ct. 498; Hall v. Brooks, 14 Fed. 113. The courts jealously guard against any use of the privilege of removal for the purposes of securing delay in the trial of a cause. The application must be made in good faith. The counsel who argued this motion for the defendant assured the court that he was honestly of the opinion that the next succeeding term was that in April. His statement is amply sufficient. Besides this, had this record been filed to the February term, by the rule and usage of this court, adopted for the convenience of parties, counsel, and witnesses, a continuance could have been had as of right to the April term. So no delay in this court has resulted from the omission. The situation in this district is very like that in the Eastern district of Virginia. The court there sits at Norfolk, Alexandria, and Richmond. In each of these cities there is a distinct bar, not practicing in the other cities, and the distances are great between them. Judge Hughes protects removal of causes originating within the territory of each of these cities to the court sitting therein. Cobb v. Insurance Co., Fed. Cas. No. 2,921. In this district we have Greenville in the western part of the state, Columbia in the middle, and Charleston on the seaboard. For reasons similar to those governing Judge Hughes, this court has adopted the rule and usage above referred to. The explanation given by defendant's counsel is satisfactory, and the motion to remand is refused. But defendant, being in default, is put on terms. The defendant must file his transcript in this court within three days from the date of this order, the de-

fense to the action must be filed within ten days from this date, and the cause will be called for trial on the first Wednesday of the April term of this court next hereafter.