PIERCE et al. v. CORRIGAN et al.

(Circuit Court, W. D. Pennsylvania.    December 28, 1896.)

No. 2.

REMOVAL OF CAUSES—DELAY IN FILING COPY OF RECORD.

Failure to file a copy of the record on or before the first day of the session next after the order of the state court that it proceed no further, etc., does not deprive the federal court of jurisdiction, and it will not remand the case when satisfied that the delay was due to the erroneous belief that the district was divided into divisions, and that defendants had the right to file the record at the next session held in the place most convenient to them,—the failure not having caused any delay in the trial.

This was a suit by Walter Pierce and others against Corrigan, McKinney & Co.   The case was heard upon a rule to show cause why it should not be remanded to the state court, from which it had been removed.

I. M. Imbrie, for plaintiffs.

J. E. Ingersoll and Tanner & Whitla, for defendants.

ACHESON, Circuit Judge.   The ground upon which the court is asked to remand this case is the defendants' failure to file a copy of the record on or before the first day of the session of the court next after July 21, 1896, the date of the order of the state court that it proceed no further, etc.   The first succeeding term was that at Scranton, beginning the first Monday of September; the second was that at Williamsport, beginning the third Monday of September; the third was that at Pittsburgh, beginning the second Monday of November, 1896; and the fourth term that at Erie, beginning the second Monday of January, 1897.   A copy of the record was filed at Erie, immediately after the granting of this rule, on November 19, 1896.   In their answer to the rule the defendants set up that they were advised by their counsel that there were divisions of the Western district of Pennsylvania, and that they had the right to take their removal to such division as was most convenient to them for trial; that Erie was the most convenient place, and they were advised that they had until the second Monday of January to file the copy of the record there.

I am convinced of the truth of these allegations, and also of the entire good faith of the defendants.   The statements of the defendants' counsel satisfy me that the delay in filing the record was altogether in consequence of their supposition that this judicial district was cut up into divisions, and that the practice here was the same as that which prevails in the Northern district of Ohio, where the defendants and their home counsel reside.   The delay in filing a copy of the record has not caused any delay in the trial.   Now, influenced by these considerations, I am indisposed to remand the cause.   It is settled that, where a copy of the record is filed out of time, it is within the sound legal discretion of the circuit court to proceed as if it had been filed within the time prescribed by the statute.   Rail-

77 F.—42

way Co. v. McLean, 108 U. S. 212, 216, 2 Sup. Ct. 498, 500.  There the supreme court said:

"These cases abundantly sustain the proposition that the failure to file a copy of the record on or before the first day of the succeeding session of the federal court does not deprive that court of jurisdiction to proceed in the action, and that whether it should do so or not upon the filing of such copy is for it to determine."

In Lucker v. Assurance Co., 66 Fed. 161, a case somewhat like this one, Judge Simonton accepted the explanation of counsel as to their misapprehension with respect to the place and time of filing a copy of the record as a sufficient excuse for a default, and retained jurisdiction of the case on terms.  This precedent I will follow.

And now, December 28, 1896, the motion to remand is denied, upon the terms that the defendants file an answer or counter statement to the plaintiffs' declaration or statement of claim, and put in a plea within 30 days from this date, and that the trial of the case shall take place at Pittsburgh, at the next (May) term, if the plaintiffs shall so elect and move the court for an order to that effect on or before the first Monday of February, 1897.