HATCHER'S ADM'X v. WADLEY et al.

(Circuit Court, W. D. Virginia.   November 11, 1897.)

1. REMOVAL OF CAUSES—FILING RECORD.
   When an order is made by a state court for removal of a cause to the circuit court for the Western district of Virginia, the removing party must file the record in the latter court on the first day of the ensuing session, whether it be held at Lynchburg, Danville, Abingdon, or Harrisonburg.

2. SAME—LACHES.
   A delay in filing the record in the federal court for 12 terms after entry of the order of the state court for removal is inexcusable laches, and the federal court will not then permit it to be filed by an order nunc pro tunc.

3. SAME—FILING RECORD.
   It is the duty of the removing party, and not of the clerk of the state court, to transmit the record to the federal court.

This was an action at law by Hatcher's administratrix against H. G. Wadley and Nannie S. Wadley. The suit was commenced in the state court, and was removed to this court by the defendants. It has now been heard on a motion to remand because the record was not filed in time.

W. B. Kegley, for plaintiff.
F. S. & J. C. Blair, for defendants.

PAUL, District Judge.   The facts are that the petition for removal was filed in the state court, and the order for removal entered therein, on February 11, 1896.   A copy of the record was duly ordered by counsel for the defendants.   It was duly made by the clerk of the state court, and was ready for delivery on or before March 31, 1896. It was paid for by counsel for the defendants on June 25, 1896.   It was not transmitted to this court until October 13, 1897, when it was presented by counsel for the defendants.

The following certificate of the clerk of the state court is presented by the plaintiffs:

"Virginia.   In the Clerk's Office of Wythe Circuit Court.

"I, Joseph C. Cassell, deputy clerk of Wythe circuit court, at the request of counsel for the plaintiff in the case of Mrs. A. B. Hatcher vs. H. G. Wadley et al., hereby certify that after the order removing the said cause from the circuit court of Wythe county to the circuit court of the United States for the Western district of Virginia I made off a transcript of the record according to law for the defendants; that the said transcript was completed before the 31st day of March, 1896, as shown by the date of the bill attached to the same, and was paid for on the 25th day of June, 1896.   I further certify that no one applied for the said transcript, neither defendants nor their counsel, until the 12th day of October, 1897, when the same was applied for by F. S. Blair, counsel for the defendants, and was delivered to him.   I further certify that the same was ready for delivery at any time after the 31st day of March, 1896, and that I was not requested by any one to send the same to the clerk of the circuit court of the United States.

"Given under my hand this, the 12th day of October, 1897.
   "[Signed]        Jos. C. Cassell, Deputy Clerk of Wythe Circuit Court."

And the following certificate of the said clerk of the said state court is presented by the defendants:

84 F.—58

"Wytheville, Va., Oct. 12th, 1897.

"I, Joseph C. Cassell, deputy clerk of the circuit court of Wythe county, Va., do hereby certify that in the case of A. B. Hatcher, Adm'x, etc., v. H. G. Wadley et al., in equity, on the 11th February, 1896, the defendants, by their counsel, filed their petition for removal and bond in this office with me, and ordered a copy of the record thereof; that I made out said record, and have kept it in my office until to-day; that the reason I have kept it until to-day is that I was not aware that it was my duty to send it to the clerk of the United States court at Abingdon, as the order of this court did not so direct, or I would have done so.

"[Signed] Jos. C. Cassell, D. C."

And the following affidavit of counsel for defendants is also presented by the defendants:

"Virginia, Wythe County, to wit: This day personally appeared before me the undersigned, a notary public in and for said county, F. S. Blair, who made oath that he, as attorney for H. G. and N. S. Wadley, filed their petition and bond for removal of the equity cause of A. B. Hatcher, Adm'x,' v. H. G. and N. S. Wadley from the circuit court of Wythe county, Virginia, to the United States circuit court at Abingdon; that during the February term, 1896, to wit, on the 11th February, 1896, the first term after said suit was brought, and the first term at which any order of removal could be obtained, or at which any defense could be made or issue joined therein, he filed said petition for removal and bond; that by an order of said state court on the 11th February, 1896, an order of removal was entered as 'within the time prescribed by law,' and defendants at once ordered the clerk of said court to make out a copy of record according to law; that they paid said clerk for said record, and they and their counsel understood that the clerk of the state court would make out said record, and certify it to the clerk of the United States circuit court at Abingdon, and did not know until the notice to remand was served on their counsel that the clerk had not certified it on to the last-named court; that it was no fault of defendants or their counsel that such was not done, as the clerk of the state court was presumed to know and do his duty; that no delay has been sought by defendants or their counsel in this matter, but the failure to certify the record has proceeded solely from the inadvertence of the clerk of the state court, who has furnished defendants with his official certificate that he did not know it was his duty to transmit the record; that at each term of the state court since the removal when this cause has been called the response has been, 'Removed to United States court,' and complainant, and no doubt defendants, believed the record had been forwarded by the clerk, until very recently; that the said clerk has sent said record to the clerk of the court, and it is now lodged therein.

"Given under my hand this 13 October, 1897.

"[Signed] Robt. W. Blair, N. P."

The provision of the statute providing for the removal of causes from the state courts to the circuit courts of the United States is as follows:

"That whenever any party entitled to remove any suit * * * may desire to remove such suit from a state court to the circuit court of the United States, he may make and file a petition in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the circuit court to be held in the district where such suit is pending, and shall make and file therewith a bond with good and sufficient surety for his or their entering in such circuit court on the first day of its then next session a copy of the record in such suit and paying all costs that may be awarded by the said circuit court if said court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearance and entering special bail in such suit if special bail was originally requisite therein."

"It shall then be the duty of the state court to accept said petition and bond and proceed no further in such suit.

"And the said copy being entered as aforesaid in said circuit court of the United States, the cause shall then proceed in the same manner as if it been originally commenced in the said circuit court." Act March 3, 1875, § 3 (18 Stat. 470).

While this statute is positive in its requirements that the record of the suit pending in the state court shall be filed in the United States circuit court on the first day of its then next session, it has been frequently held that where, through accident or mistake, the record has not been filed on the first day of the then next session of the circuit court, an order nunc pro tunc may be entered allowing the record to be filed, notwithstanding that the time fixed by the statute for filing has been allowed to pass. The supreme court has said:

"It is true, by reason of the fault of the clerk of the state court he was unable to file his transcript of the record in the circuit court on the first day of the term, but he did so on the second, and had the cause regularly docketed, after which a trial was had, all parties appearing." Removal Cases, 100 U. S. 475.

In Lucker v. Assurance Co., 66 Fed. 162, the court said:

"But while the act of congress requires security that the transcript shall be filed on the first day of the term, it nowhere appears that this court is to be deprived of its jurisdiction if it be filed at a later date in the term."

In this case it appears that counsel was mistaken in supposing that the next session of the circuit court was to be held in April, whereas it was really held in February preceding. This mistake arose out of the peculiar arrangement of the district of South Carolina into certain divisions.

Woolridge v. McKenna, 8 Fed. 650, is another case relied on by the defendants in their contention that this court should now allow the record to be filed nunc pro tunc. In that case, it appears, the record was presented in the circuit court of the United States on the second day of its then next term, instead of on the first day, as required by the statute. The court held that it would be a harsh and unreasonable construction to hold that the omission to file the transcript of the record on the first day of the term should defeat the provision of the statute allowing removal of causes from the state courts to the circuit court of the United States.

Another case relied on by the defendants is that of Pierce v. Corrigan, 77 Fed. 657. In this case the circumstances were very similar to those in the case of Lucker v. Assurance Co., as stated above, and the court held that, as counsel had been mistaken as to the terms of the court in which the record should be filed on the first day of the then next session thereof, the record might be filed at a later term.

None of these decisions sustains the contention of the defendants that they have a right to file the record in this case at this late term of the court, nor that it is the duty of the court to allow it to be done. While the cases cited hold that it is within the sound discretion of the court to allow the record to be filed at a time subsequent to the first day of the then next session of the court, under proper circumstances, yet this discretion must be exercised with a due regard to the requirement of the statute. In this district the circuit court is held at four

places, to wit, at Lynchburg on the first Tuesdays after the second Mondays in March and September, at Danville on the first Tuesdays after the second Mondays in April and November, at Abingdon on the first Tuesdays after the first Mondays in May and October, at Harrisonburg on the first Tuesdays after the first Mondays in June and December. There are no divisions by statute of the counties and cities in this district assigning any of them to any of the places in particular at which the court is held. The district judge has authority to assign the different counties and cities in the district to the terms of the court held at these several places for convenience in the matter of selecting and summoning jurors, summoning witnesses, committing prisoners or admitting them to bail, and the like; but this arrangement of the counties and cities for these purposes does not affect the statutory requirements as to filing the record in cases of removal of suits from the state courts to the circuit courts of the United States. In this district it is the duty of the party removing a case to have the record filed in this court on the first day of the then next session of the court, whether the court be held at Lynchburg, Danville, Abingdon, or Harrisonburg. The filing of the record at any of these places does not necessarily require that the case shall be tried at such place of holding the court, but the case can be transferred for trial to such place of holding the court as may be most convenient for the parties; and such, in fact, is the practice.

The order of removal in this case was entered on February 11, 1896. The record was made up and was ready for the defendants on the 31st of March, 1896. It is shown by the certificate of the clerk of the state court that the defendants did not pay him for copying the record until June 25, 1896. Between the date March 31, 1896, when the record was ready for the defendants, and the date June 25, 1896, when the defendants paid the clerk of the state court for copying the record, there were three regular terms held of this court, to wit, at Danville in April, at Abingdon in May, and at Harrisonburg in June; the last-mentioned being held on the first Tuesday after the first Monday in June, 1896. Since the date when the clerk of the state court completed the copying of the record, and had it ready for delivery to the defendants, to wit, March 31, 1896, there have been twelve separate regular terms of this court held in this district, the present term at Abingdon being the thirteenth. The defendants claim that it is the duty of the clerk of the state court to transmit the transcript of the record to the clerk of the circuit court of the United States, but the statute does not impose this duty upon him. It requires a bond of the party removing the cause "for his or their entering in such circuit court on the first day of its then next session a copy of such record." Twelve terms of the circuit court having been held since a copy of the record in the state court was made by the clerk of that court, and was ready for transmission to this court, the record cannot now be filed at this, the thirteenth, term of the court thereafter. Such laches is inexcusable on the part of the defendants. The case must be remanded to the state court, with costs to the plaintiff.