# ALEJANDRO DIAZ

*v.*

# SAN JUAN LIGHT & TRANSIT COMPANY.

San Juan, Law, No. —.

When a defendant removes a case from the insular court to the district court of the United States for Porto Rico, and fails within the legal period to docket it in the latter court, ordinarily the remedy of the opposite party is to make a showing in the insular court to that effect, and proceed there for damages on the bond given to obtain the removal.

Memorandum filed June 18, 1909.

*Mr. O. M. Wood,* attorney for plaintiff.

*Mr. H. F. Hord,* attorney for defendant.

RODEY, Judge, filed the following memorandum:

This matter is before us on a motion that counsel for defendants be cited to show cause as for a contempt in failing to obey the order of the court, recently made, to docket this case here in accordance with the removal of the same from the insular court.

Both parties have filed briefs before us. We have examined them, and find that the matter is largely in our discretion as to

IV. PORTO RICO—33.

whether or not we ought to oblige a person who removes a case from the insular court to docket it here.

After examining the question somewhat, we are of opinion that our order requiring it to be docketed here was inadvertently made and it will therefore be set aside.

We think that when a person who removes a case from the insular court to this court fails within the legal period to docket it here, ordinarily the remedy of the opposite party is to make a showing in the insular court, and proceed on the bond given for the removal for damages, and make a showing that the removal has been abandoned.

We do not see why a person who removes a case from the insular court should not have the right to change his mind if he wants to, paying the penalty provided in his bond for his action. At any rate, as stated, the authorities appear to show that the matter is largely discretionary with this court as to what it should do, and we think we ought not to force parties to come here unless they so desire, the insular court having concurrent jurisdiction. See St. Paul & C. R. Co. v. McLean, 108 U. S. 212, 27 L. ed. 703, 2 Sup. Ct. Rep. 498. Also Lucker v. Phœnix Assur. Co. 66 Fed. 162; Hamilton v. Fowler, 83 Fed. 324; McGregor v. McGillis, 30 Fed. 390; Pierce v. Corrigan, 77 Fed. 657; Eisenmann v. Delemar's Nevada Gold Min. Co. 87 Fed. 250. See also Removal Cases, 100 U. S. 457, 25 L. ed. 593.

The motion for a rule to show cause will therefore be denied.